**MISSOURI VALLEY BRIDGE CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 12860—Opinion Filed April 25, 1922.

Rehearing Denied June 13, 1922.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation—Appeal—Finality of Decision of Industrial Commission on Facts.**

By the provisions of section 10 of the Workmen's Compensation Law (chapter 246, Session Laws 1915), the decision of the State Industrial Commission is made final as to all questions of fact, and on appeal to this court from an award of the Industrial Commission the court is without jurisdiction to weigh the evidence for the purpose of determining whether the same preponderates in favor or against the findings of fact made by the Industrial Commission.

2. **Same — Award for Loss of Hearing — Affirmance.**

Under section 9, chapter 14, Session Laws 1919, providing for compensation for loss of hearing in an amount to be determined by the Industrial Commission, but not in excess of $3,000, where the commission found as a fact that the claimant, as a result of an accident, suffered the loss of the hearing in his left ear, such finding entitled the claimant to the compensation provided for in the act, and the action of the commission in awarding the claimant compensation in the sum of $1,500 is affirmed.

Appeal from State Industrial Commission.

Action by the Missouri Valley Bridge Company and Associated Employers' Reciprocal to review award of workman's compensation to John Phillip Cook. Affirmed.

Twyford & Smith, John P. Hampton, and Clayton B. Pierce, for petitioners.

JOHNSON, J. The petitioners commenced this action by petition to review the action of the State Industrial Commission in making an award in favor of John Phillip Cook, on the 10th day of November, 1921, in the sum of $1,500 for total loss of hearing in his left ear.

The award was made by the Industrial Commission after hearing had, at which hearing the testimony of numerous witnesses was reduced to writing, including that of the claimant, John Phillip Cook, a transcript of which testimony is before the court.

The award of the Industrial Commission is in words, figures, and phrases, as follows:

"Now, on this 10th day of November, 1921, this cause comes on to be determined on the claimant's claim for compensation for an injury which he alleges occurred to him while in the employment of the Missouri Valley Bridge Company, on the 12th day of July, 1920, at Calvin, Okla., and the commission having considered the testimony taken at a regular hearing at Oklahoma City, Okla., on the 25th day of October, 1921, before a member of the commission, at which hearing the claimant appeared in person and the respondent and insurance carrier were represented by Clayton B. Pierce, and having examined all the records on file in said cause and being otherwise well and sufficiently advised in the premises, finds the following facts:

"(1) That the claimant herein was in the employment of the Missouri Valley Bridge Company and was engaged in a hazardous occupation within the meaning of the statute, and that while in the employment of said respondent and in the course of his employment, the claimant received an accidental injury on the 12th day of July, 1920;

"(2) That as a result of said accident the claimant suffered the loss of the hearing in his left ear;

"(3) That the respondent had proper notice of said accident and the employe filed his claim for compensation with the commission within the statutory period;

"(4) That the claimant's average wage at the time of his injury was $6.50 per day;

"The commission is therefore of the opinion that by reason of the aforesaid fact the claimant is entitled under the law to compensation of $1,500 for total loss of hearing in his left ear.

"It is therefore ordered that within ten days from this date the Missouri Valley Bridge Company, or the Associated Employers' Reciprocal, pay to the claimant the sum of $1,500 in full and final settle-

ment, and also pay all medical expense incident to said injury."

The petitioners' assignments of error are:

"(1) That said award is contrary to law.

"(2) That said award is contrary to the evidence introduced at the hearing.

"(3) That said award is not supported by any legal evidence whatever.

"(4) That said award is contrary to law and contrary to the evidence.

"(5) That the injuries complained of and disability complained of did not arise in the course of employment as required by the Workmen's Compensation Act, and therefore the decision and award is contrary to law.

"(6) That the commission erred as a matter of law in making said award because there was absolutely no evidence before said commission sustaining the claim that said injuries complained of were received by the said Cook arising out of and in the course of his employment, and therefore the award is contrary to law and is contrary to the evidence.

"(7) Because said commission erred as a matter of law in making said award because there was no evidence that said injury was an accidental injury.

"(8) That said commission erred in its construction of the Workmen's Compensation Law and in finding that the loss of hearing in one ear is compensable under said act."

These assignments are discussed by petitioners in their brief under three subheads or propositions, which are:

"(1) The claimant failed to support the burden of proof that he received the personal injury resulting from an accident arising out of and in course of his employment.

"(2) The loss of hearing in one ear is not compensable under the act.

"(3) The award is not sustained by the evidence."

We will consider the first and third of these propositions together.

Counsel for petitioners devote by far the greater portion of their brief in support of their first proposition, their position being clearly stated in their reply brief in the following language:

"In taking each of these positions respondents have fallen into an erroneous conception, both of the interpretation of the brief filed by petitioners and of the facts disclosed by the record.

"On reading the brief filed it is clear that we have endeavored to show that the findings of the commission are on the same basis as the verdict of a jury or the findings of a court in a law case. We then endeavor to show that under such rules the claimant has failed to make his case."

In this contention of counsel we cannot agree, and it is a sufficient answer to say that this is not the first time that counsel in this class of cases have assumed the position of counsel in the instant case, and that this court has universally and steadfastly refused to adopt the contention made.

Section 10, art. 2, ch. 246, Session Laws 1915, defines the powers of the State Industrial Commission, and therein it is declared that the decision of the commission shall be final, except as provided in section 13 of this act, as to questions of law.

"The decision of the commission shall be final as to all questions of fact, and, except as provided in section 13 of this article, as to questions of law."

In the case of Raulerson v. State Industrial Commission et al., 76 Okla. 8, 183 Pac. 880, the court, in the first paragraph of the syllabus, said:

"In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. Their decision as to all matters of fact is final."

The court in that case cited with approval the case of Board of Commissioners v. Barr, 68 Oklahoma, 173 Pac. 206.

In the case of Choctaw Portland Cement Co. v. Short Lamb, 79 Okla. 109, 189 Pac. 760, in the second paragraph of the syllabus, this court said:

"The decision of the commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which any finding of fact is based."

In that case it was contended that the finding of a court or jury that was without support in the evidence presented a question of law and not of fact, and in disposing of the contention this court, in the body of the opinion, said:

"The commission found that there had been a change in conditions, and the act provides that the decision of the commission shall be final as to all questions of fact. It is unnecessary for us to express an opinion on the proposition of law advanced by counsel that a finding of a court or jury, which is without support in the evidence, presents a question of law.

rather than of fact, for there is some evidence in this record supporting the finding of the commission that there has been a change in conditions, and this court is not authorized to weigh the evidence upon which that finding is based."

In McAlester Colliery Co. v. State Industrial Commission et al., No. 12471, opinion filed January 17, 1922, 86 Okla. 66, 204 Pac. 630, this court stated as follows:

"Under section 10 of the act, this court must accept the facts as found by the commission, but from the facts thus found it may draw its own independent conclusions of law. It cannot weigh the evidence to ascertain whether or not it supports the facts found by the commission. The finding of fact by the commission is binding upon this court, where there is competent evidence to support it. Whether the facts found constitute a cause of recovery, is a question of law to be decided by this court.

"In discussing this question, the court, in the case of Choctaw Portland Cement Co. et al. v. Lamb et al., 79 Okla. 109, 189 Pac. 760, in an opinion by Mr. Justice Rainey, said:

" 'The decision of the State Industrial Commission is final as to all questions of fact, and this court has no authority to weigh the evidence upon which any finding of fact is based.'

"The same rule has been announced in Board of Commissioners of Cleveland County v. Barr et al., 68 Oklahoma, 173 Pac. 206."

If the decisions of this court mean anything, they mean that the Workmen's Compensation Law, chapter 246, Session Laws 1915, as amended by chapter 14, Session Laws 1919, providing for the compulsory compensation of injured employes in hazardous industries, placing the supervision of the act under a commission herein created, fixing a schedule of awards, and providing penalties for the violation of the act, is a valid exercise of the power of the Legislature of this state, and the act is in derogation of the common-law rules of compensation for personal injuries in that it creates a tribunal to hear and determine the facts constituting the claimant's cause of action for compensation for injuries coming within the provisions of the act, making the Industrial Commission the triers of the facts and its determination thereof final and conclusive, from which there is no appeal to this court. These acts, like all others in derogation of the common law, must be literally construed. Wick et al. v. Gunn et al., 66 Okla. 316, 169 Pac. 1087; Booth & Flinn v. Cook et al.,

79 Okla. 280, 193 Pac. 969; Rev. Laws 1910, sec. 2948.

The findings of the commission in the instant case: (1) "That the claimant herein was in the employment of the Missouri Valley Bridge Company and was engaged in a hazardous occupation within the meaning of the statute, and that while in the employment of said respondent and in the course of his employment, the claimant received an accidental injury on the 12th day of July, 1920; (2) that as a result of said accident the claimant suffered the loss of the hearing in his left ear," we find, from an examination of the record, are based upon competent evidence. Therefore this court is without jurisdiction and power to weigh the evidence or to determine the preponderance thereof.

The petitioners' second proposition, "that the loss of hearing in one ear is not compensable under the act," will next be considered.

Section 9, chap. 14, Session Laws 1919, fixing a schedule of injuries and the compensation therefor, and that the compensation fixed shall be in lieu of all other compensation, etc., then provides:

"In case of an injury resulting in the loss of hearing * * * compensation shall be payable in an amount to be determined by the commission and not in excess of three thousand dollars. Provided, that compensation for loss of hearing * * * shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

This provision of the act provides for compensation for the loss of hearing in an amount to be determined by the commission, but not in excess of $3,000. Unlike the schedule of injuries provided in the act, the compensation provided for the loss of hearing is not based upon the wage received by the claimant at the time of the injury, but the amount of compensation to be awarded for loss of hearing is to be determined by the commission, not to exceed the maximum amount of $3,000. In the instant case the commission specifically found that as a result of said accident the claimant suffered loss of the hearing in his left ear. It seems quite clear to us that the loss of the hearing in the left ear is the loss of hearing as provided in the act, and that the claimant was entitled to the compensation provided for in the act, the amount thereof to be determined by the commission within the limitation fixed by the act. The commission determined the amount to which the

claimant was entitled to be $1,500. In these circumstances, we do not think that the amount as found by the commission was unreasonable, or that the commission acted arbitrarily in fixing the award in that sum. The award of the commission is affirmed.

PITCHFORD, V. C. J., and MILLER, ELTING, and KENNAMER, JJ., concur.