## ASSOCIATED EMPLOYERS' RECIPROCAL et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 12859—Opinion Filed July 25, 1922.

Rehearing Denied Jan. 2, 1923.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation—Finality of Decisions Below on Facts.**

By the provisions of section 10 of the Workmen's Compensation Law (chapter 246, Session Laws 1915), the decision of the State Industrial Commission is made final as to all questions of fact, and on appeal to this court from an award of the Industrial Commission the court is without jurisdiction to weigh the evidence for the purpose of determining whether the same preponderates in favor or against the findings of fact made by the Industrial Commission.

2. **Same—Compensation for Loss of Hearing.**

Under section 9, chapter 14, Session Laws 1919, providing for compensation for loss of hearing in an amount to be determined by the Industrial Commission, but not in excess of $3,000, where the commission found as a fact that the claimant, as a result of accident, suffered the loss of the hearing in his left ear, such finding entitled the claimant to the compensation provided for in the act, and the action of the commission in awarding the claimant compensation in the sum of $1,500 is affirmed.

3. **Same — Continuing Jurisdiction of Industrial Commission — Award After Reversal.**

Under section 14, article 4, chapter 246, Session Laws of 1915, the power and jurisdiction of the Industrial Commission over each case is continuing, and it may from time to time make such modification or change with respect to former findings or orders relating thereto as in its opinion may be just. And in a case where an appeal is taken from an award of the commission to this court and this court reverses the commission and vacates the award, because there was no evidence to support the

same, and remands the cause for further proceedings not inconsistent with the opinion in the Supreme Court, the commission is not divested of jurisdiction to again hear and determine the cause; and the doctrine of former adjudication does not apply.

Appeal from State Industrial Commission.

Action by the Associated Employers' Reciprocal and another to review award of Workman's Compensation to John Kuhn. Affirmed.

Twyford & Smith, John P. Hampton, and Clayton B. Pierce, for petitioners.

George F. Short, Atty. Gen., Kathryn Van Leuven, Asst. Atty. Gen., and Rainey & Flynn, for respondents.

JOHNSON, J. This proceeding has been regularly commenced in this court to review an award of the Industrial Commission made in this cause, which award is as follows:

"Now on this the 28th day of October, 1921, this cause comes on to be determined on the claimant's claim for conpensation for the injury which he alleges occurred to him while in the employment of the Missouri Valley Bridge Company, on the 10th day of July, 1920, in Hughes county, Okla., and the commission having reset said cause for a rehearing in pursuance of a decision of the Supreme Court of Oklahoma, and of its mandate, on the 21st day of October, 1921; at which hearing the claimant appeared in person and respondent and insurance carrier was represented by C. B. Pierce, Esq., and the commission having considered said testimony then and there given and having examined all the records on file in said cause and being otherwise well and sufficiently advised in the premises, finds the following facts:

"(1) That the claimant herein was in the employment of the Missouri Valley Bridge Company, and was engaged in a hazardous occupation within the meaning of the statute, and while in the employment of said respondent and in the course of his employment, the claimant received an accidental injury on the 10th day of July, 1920, at or near Calvin, Hughes county, Okla.

"(2) That as a result of said accidental injury the claimant sustained the permanent total loss of hearing in the left ear.

"(3) That the Associated Employers' Reciprocal was the insurance carrier of the Missouri Valley Bridge Company at the time of said accidental injury.

"(4) That the respondent had proper notice of said accidental injury and the employe filed his claim for compensation with the commission within the statutory period.

"(5) That the claimant's average wage at the time of his accidental injury was $6.50 per day.

"The Commission is Therefore of the Opinion: That by reason of the aforesaid facts the claimant is entitled under the law to compensation in the sum of $1,500 for the loss of his hearing in his left ear, and that he is entitled to compensation at the rate of $18 per week for the loss of time by reason of said accidental injury.

"It is Therefore Ordered: That said respondent herein or the said insurance carrier pay to the claimant compensation for the loss of time at the rate of $18 a week during his disability by reason of the said accidental injury."

To vacate and annul this order and award, the petitioners have set forth the following grounds:

"(1) That said award is contrary to law.

"(2) That said award is contrary to the evidence introduced at the hearing.

"(3) That said award is not supported by any legal evidence.

"(4) That said award is contrary to law and contrary to the evidence.

"(5) That the injuries complained of and disability complained of did not arise in the course of employment as required by the Workmen's Compensation Act, and therefore the decision and award is contrary to law.

"(6) That the commission erred as a matter of law in making said award because there was absolutely no evidence before said commission sustaining the claim that said injuries complained of were received by the said Kuhn arising out of and in the course of his employment, and therefore the award is contrary to law and is contrary to the evidence.

"(7) Because said commission erred as a matter of law in making said award because there was no evidence that said injury was an accidental injury.

"(8) That said commission erred in its construction of the Workmen's Compensation Law and in finding that the loss of hearing in one ear is compensable under said act."

Counsel for petitioners discuss the foregoing specifications of error in their brief, under four propositions, which are as follows:

"(1) The matter becomes res judicata after the judgment of this court—in the first original action became final and mandate issued.

"(2) The award is not sustained by any evidence.

"(3) The loss of hearing in one ear is not compensable under the act.

"(4) The amount of the award is not sustained by any evidence."

In arguing proposition 1, petitioners state in their brief as follows:

"There is no controversy over the fact that the award entered upon October 28, 1921, is based on the same circumstances as the one which was set aside by this court in case No. 12124. No claim of newly discovered evidence was made as the basis for the second hearing. In fact, no claim of anything was made, except that this court, not having given specific directions to do otherwise, the commission had power to enter up the same award it had previously entered. If this were true, the opinions of this court are not binding on the Industrial Commission except such specific directions as may be contained in the mandate.

"The position of the petitioners in this connection is that this case is just like a case at law or in equity which has been reversed by the appellate court for insufficiency of evidence. It will be noted that this court held in its syllabus in the former case that there was no evidence to support the award, the burden of proof cast on the claimant was not carried, and the evidence of injury was insufficient.

"If he may again present his claim to the commission and have an award entered, which in turn is set aside, there will be nothing to prevent him from presenting it a third time, and so on ad infinitum. In other words, unless the same principles of law applicable to ordinary civil actions after reversal are applied to these cases, there can be no end of any claim; the commission and this court will be harrassed with endless proceedings and appeals over the same matter.

"No new or amended claim or pleading of any kind was filed by the claimant, nor any excuse given or offered for not so doing."

We cannot agree with contentions of counsel. Section 14, article 4, chapter 246, Session Laws of 1915, provides as follows:

"Section 14. The power and jurisdiction of the commission over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings or orders relating thereto, as in its opinion may be just, including the right to require physical examination as provided for in section 9 of article 2 of this act, and subject to the same penalties for refusal."

This court has frequently held that the act, supra, has taken away the right of an injured employe who comes within the provisions of the act to go into court and have a jury trial and in its place substitutes a

summary, informal method of procedure, unknown to the common law; therefore, the provisions of the act are controlling, rather than the rules at common law. Wick et al. v. Gunn, 66 Okla. 316, 169 Pac. 1087. But we do not agree with counsel that the rule announced by this court in the case of St. Louis & S. F. Ry. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38, which they cite, applies; for the reason that the rule there announced is not in conflict with the procedure had in the instant case. Because this court in reviewing that case on the former appeal did not direct that the cause be remanded for any further proceedings in the trial court, and this court in the last opinion in the case, after reviewing numerous decisions of this court and the Supreme Courts of Indiana and Kansas, stated as follows:

"In the cases mentioned it was held by this court that, where a cause is reversed and remanded by the Supreme Court, with directions to the trial court to take such other and further proceedings in the matter as shall accord with the Supreme Court's opinion, it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions. But we think the facts and opinions in these cases clearly distinguish them from the rule we have here announced and the authorities cited in support thereof."

This court, on the former appeal, in reversing the case and remanding the same to the commission, stated as follows:

"(3) Clearly the claimant has failed to sustain the burden cast upon him by proving that the deafness complained of was caused by an injury arising out of and in the course of his employment, and the award, not being supported by any evidence, should be vacated.

"The petitioners complain of the amount of the award, but, in view of the conclusion reached, it becomes unnecessary to pass upon this question.

"The award of the State Industrial Commission is reversed and vacated, and the cause remanded for further proceedings not inconsistent with this opinion."

So it seems to us clear that under the rule announced in the St. Louis & S. F. R. Co. v. Hardy case, supra, the Industrial Commission was not precluded by the orders of this court on the former appeal from again setting the cause for trial, and hearing the evidence on the question of the claimant's injuries, as to how and when they were inflicted, and whether under circumstances such as to bring the case within the provisions of the Workmen's Compensation Act, and as to the amount of compensation to which he was entitled, as the only question of law decided by this court on the former appeal in this respect was that the claimant failed to prove that the deafness complained of was caused by an injury arising out of and in the course of his employment, and the award, not being supported by any evidence, should be vacated.

As to counsel's proposition 3, that the loss of hearing in one ear is not compensable under the act, that question has recently been passed upon by this court adversely to counsel's contention. In a companion case to the instant case, cause No. 12860, Missouri Valley Bridge Co. v. John Phillip Cook, 86 Okla. 209, 207 Pac. 562, the court in the second paragraph of the syllabus stated as follows:

"(2) Under section 9, chapter 14, Session Laws 1919, providing for compensation for loss of hearing in an amount to be determined by the Industrial Commission, but not in excess of $3,000, where the commission found as a fact that the claimant, as a result of an accident, suffered the loss of the hearing in his left ear, such finding entitled the claimant to the compensation provided for in the act, and the action of the commission in awarding the claimant compensation in the sum of $1,500 is affirmed."

As to propositions 2 and 4, that: (2) The award is not sustained by any evidence; (4) the amount of the award is not sustained by any evidence—they are without merit.

On hearing of the cause, the claimant and the attending physician testified at length, both on direct and cross examination concerning the facts and nature of the the injuries; and their testimony fully sustained the finding of fact in relation thereto made by the commission. Under the oft-repeated holdings of this court, such findings are conclusive upon this court and will not be reviewed. Markham et al. v. State Industrial Commission, 85 Okla. 81, 205 Pac. 163; Sun Coal Co. v. State Industrial Commission, 84 Okla. 164, 203 Pac. 1042; McAlester Colliery Co. v. State Industrial Commission, 85 Okla. 66, 204 Pac. 630; Superior Smokeless Coal & Min. Co. v. Bishop, 85 Okla. 204, 205 Pac. 497.

For the reasons stated, the award of the Industrial Commission is affirmed.

PITCHFORD, V. C. J., and McNEILL, ELTING, and KENNAMER, JJ., concur.