**PRAIRIE OIL & GAS CO. et al. v. FITZKE et al.**

No. 24667.   Dec. 19, 1933.

Thurman, Bowman & Thurman, for petitioners.

Dick Gore, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

WELCH, J. This is an original proceeding by Prairie Oil & Gas Company and Century Indemnity Company, as petitioners, to review an order of the State Industrial Commission wherein Richard P. Fitzke was awarded additional compensation for loss of hearing, upon a motion to reopen the cause on account of change in condition.

The respondent Fitzke, while employed by the Prairie Oil & Gas Company, within the terms of the Workmen's Compensation Law, sustained an injury on May 19, 1930, which affected his hearing. On August 9, 1930, claim for compensation was filed with the State Industrial Commission. The claimant asserted that he had sustained a loss of hearing to the extent of 50 per cent. in each ear as a result of the continuous roar caused by the flowing of oil and gas from a "wild" oil and gas well with which he was working as an employee of petitioners herein.

On September 13, 1930, a form No. 14 settlement agreement was filed with the Commission, which contained the following stipulation or agreement:

"Claimant believes he has a 50 per cent. loss of hearing in both ears; attending and examining doctors advise differently; agreement of this settlement 25 per cent. loss of hearing in both ears, or the sum of $500."

On September 15, 1930, pursuant to the above settlement agreement, the State Industrial Commission made its order approving the settlement which contained the finding that $500 was an equitable settlement and for the best interest of the parties, and that payment of said $500 would constitute "a full and final settlement under this agreement." This order became final.

On February 10, 1932, claimant filed his motion to reopen the case and award further compensation on the ground that there had been a change in his condition, and on the same date Dr. A. L. Guthrie filed his report stating that on August 9, 1930, there was a loss of hearing of approximately 50 per cent. in each ear, and that on February 6, 1932, there was a loss of hearing of 61 per cent. Upon a hearing Dr. Guthrie testified that the claimant's hearing at that time was 61 per cent. impaired, and that same was due to the original injury as described in the stipulation filed by the parties.

At the conclusion of the hearing, and on April 7, 1933, the State Industrial Commission entered its order, the portions of which material herein are as follows:

"That on the 15th day of September, 1930, the Commission made and entered its order in this case, approving a form 14 settlement in this cause, and awarding the claimant compensation in the sum of $500 on account of the 25 per cent. permanent loss of hearing in claimant's right and left ear due to said accidental injury. * * *

"The Commission finds that since the order and award of the Commission made in this cause on the 15th day of September, 1930, the claimant has sustained a change in his condition for the worse and that by reason of said change in claimant's condition, the claimant now has a 50 per cent. permanent loss of hearing in both ears due to said accidental injury or an increase of 25 per cent. permanent loss of hearing since the award made in this cause on the 15th day of September, 1930.

"The Commission is of the opinion, upon consideration of the foregoing facts, that the claimant is entitled to further

compensation in the sum of $500 on account of the additional 25 per cent. permanent loss of hearing in claimant's ears due to said accidental injury; said sum of $500, including the sum of $500 heretofore paid, makes a total sum of $1,000 on account of the 50 per cent. permanent loss of hearing in claimant's ears due to said accidental injury."

Petitioners herein seek a review of the above order of April 7, 1933, contending that the Commission erred therein in the following respects:

"The finding of the Commission that the permanent loss of hearing of both ears of claimant had increased 25 per cent. subsequent to the award made in this cause on the 15th day of September, 1930, is not reasonably supported by any evidence, and the Commission's order requiring the petitioners to pay the claimant $500 for this supposed additional loss of hearing is contrary to law."

Petitioners urge in this connection that there is no competent evidence to support the finding of the Commission that there was a 25 per cent. change in claimant's condition from the date of the Commission's order approving the settlement agreement, which was made on September 15, 1930, and the date of the last award. It is pointed out that Dr. Guthrie, who testified at the last hearing that the claimant then had 61 per cent. defective hearing, had not examined claimant at or near the time of the former award. It is further pointed out that Dr. Wails, who testified at the last hearing, had examined claimant at the time of both awards, and that he testified that claimant's condition was the same upon each examination; his testimony being to the effect that claimant had a 50 per cent. loss of hearing at the time of the first award, and also had a 50 per cent. loss of hearing at the date of the last award. Petitioners admit there is competent evidence to support a finding by the Commission of eleven per cent. difference for the worse in claimant's condition between the two awards.

It is immaterial in this case whether or not the claimant had suffered a 25 per cent. change in condition or eleven per cent. change in condition. For the purpose of this case it is only necessary that the record contain competent evidence of some real and substantial change of condition. The statutory authority for an award for loss of hearing under the Workmen's Compensation Law is found under subdivision 3 of section 13356, O. S. 1931, the applicable portion of which provides as follows:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000. * * *"

An examination of the quoted provision of the statute discloses that the Legislature has left the amount of an award for loss of hearing entirely within the discretion of the State Industrial Commission, save and except that an award therefor may not exceed $3,000. Under the provisions of such law the Industrial Commission in this case might have made an award of $500 to the claimant for an additional eleven per cent. loss of hearing, the same as it might have awarded the same sum for an additional 25 per cent. loss of hearing. Its finding herein that the claimant had suffered 25 per cent. change in condition is immaterial, except in so far as it does show a finding or conclusion that there has been some real and substantial change of condition.

It is an established rule in this state that a partial loss of hearing resulting from a compensable injury is sufficient "injury resulting in the loss of hearing" as to be compensable by section 13356, O. S. 1931. It was so held by this court in Missouri Valley Bridge Co. v. State Industrial Commission, 86 Okla. 209, 207 P. 562. In that case, in the body of the opinion, in discussing the amount of an award for loss of hearing and the method of determining the amount of such an award, the court said:

"This provision of the act provides for compensation for the loss of hearing in an amount to be determined by the Commission, but not in excess of $3,000. Unlike the schedule of injuries provided in the act, the compensation provided for the loss of hearing is not based upon the wage received by the claimant at the time of the injury, but the amount of compensation to be awarded for loss of hearing is to be determined by the Commission, not to exceed the maximum amount of $3,000.* * *"

That case was followed in Associated Employers' Reciprocal & Missouri Valley Bridge Co. v. State Industrial Commission, 88 Okla. 80, 211 P. 491, wherein an award for partial loss of hearing was likewise affirmed.

It having been admitted by the petitioners herein that there is competent evidence of

some real change of condition, and the record herein in fact showing such competent evidence, we must say that the requirements of the law that the Commission may reopen a cause and award further compensation only upon a showing of change of condition have been fully met, and it having been shown that the amount of an award for loss of hearing is not necessarily controlled by the percentage of such loss, we conclude that there is no error shown in the action of the State Industrial Commission herein.

The award is therefore affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur. RILEY, C. J., and BAYLESS, J., not voting. BUSBY, J., absent.