### FOX et al. v. DUNNING et al.

No. 17075—Opinion Filed March 29, 1927.

(Syllabus.)

**1. Master and Servant—Whether Relation of Servant or Independent Contractor—Test.**

In determining whether the relation between a principal contractor and another engaged in work on the subject-matter of the contract is that of master and servant or an independent contractor, the test is whether the principal contractor reserves the power to control the latter.

**2. Same—When Question for Court.**

Where the contract is oral and there is no material dispute as to its terms and but one inference can be drawn from the evidence, then the question of whether the relation is that of employer and independent contractor, or that of master and servant, is for the court.

**3. Same—Nonliability of Contractor for Injuries to Employee of Subcontractor Protected by Workmen's Compensation Policy.**

Under section 7285, Compiled Oklahoma Statutes, 1921, where a principal contractor provides compensation, by securing a workman's compensation policy to be taken out by an intermediate or subcontractor insuring the employee of the latter under the act, the compensation so secured is exclusive, protecting the principal contractor from actions to recover for personal injuries received growing out of and in the course of employment and to an employee of such intermediate or subcontractor by the principal's employee's negligence.

**4. Subrogation—Right not Accorded One Paying Debt in Performance of His Own Covenant.**

Subrogation is allowed only in favor of one who, under some duty or compulsion, legal or moral, pays the debt of another, and not in favor of him who pays a debt in performance of his own covenant.

**5. Master and Servant—Workmen's Compensation Law—Principle and Purpose.**

The purpose of the Workmen's Compensation Act is to make the industry prosecuted, if hazardous, bear the burden of human wreckage incident to its operation, and by reason of it certain rights of action vouchsafed at common law are abolished and a theory of compensation substituted therefor.

**6. Same—Injuries to Workmen by Outsider—Assignment of Cause of Action to Insurance Carrier—When Statute Inapplicable.**

Section 7302, Compiled Oklahoma Statutes, 1921, relating to damage to a workman by an outsider or another not in the same employ, does not apply nor provide for an assignment of a cause of action against the principal contractor when the immediate employer is a subcontractor or intermediate contractor.

**7. Statutes—Subject and Title—Sufficiency of Title to Act—Amending Workmen's Compensation Law.**

The amendment to the Workmen's Compensation Act of 1919 is not unconstitutional as being violative of section 57, article 5, Constitution of Oklahoma, for the subject-matter of the amendment is sufficiently embraced in the title of the act.

**8. Same—Constitutional Law—Amendment of 1919 not Unconstitutional.**

The amendment of 1919 is not violative (a) of section 6, article 2, of the Constitution; (b) nor of section 7, article 2, of the Constitution, providing: "No person shall be deprived of life, liberty, or property without due process of law;" (c) nor is the amendment a special law as contemplated by section 32, article 5, of the Constitution, and lack of uniformity in its operation is not shown.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action for damages for personal injuries, Calvin Thomas Fox against Chas. M. Dunning et al.; Standard Accident Insurance Company, intervener. Judgment for defendants, and plaintiff and intervener bring error. Affirmed.

J. Z. Werby and Twyford & Smith, for plaintiffs in error.

Ross & Thurman, for defendants in error.

RILEY, J. This is an appeal from the district court of Oklahoma county. Plaintiff below was Fox, the injured employee. Defendant below was the Dunning Construction Company, a copartnership and general contractors, engaged on April 9, 1923, when this cause of action arose, in the construction of the Braniff Building in Oklahoma City. Cotner & Patrick were doing certain concrete work on the floors of the said building, and Fox, the injured workman, was employed by the last-named firm. Intervener. the Standard Accident Insurance Company, was the insurance carrier, under the Workmen's Compensation Act, for Cotner & Patrick. The intervener set out in its petition that it had paid $1,630.11 to the injured employe, Fox, and it acknowledges its liability to him in the sum of $8,669,-45, which amount is being paid by it through the State Industrial Commission.

The intervener claims the right of subrogation, to the amount of its liability, to the cause of action of plaintiff Fox.

On the above-named date, Fox was working on the eighth floor of the Braniff Building unloading material from an elevator or hoisting apparatus. The elevator was operated by the Dunning Construction Company. Fox went upon the elevator and the cables suspending it broke, causing him to fall to the basement and to sustain serious and permanent injuries and a total disability. Fox pleaded and proved a defect in the apparatus, to wit, the cable used on the hoist, in the splicing and lack of inspection thereof.

The cause was tried to a jury. At the close of the testimony the court sustained the motion of defendant and directed a verdict in favor of defendant Dunning Construction Company and against the plaintiff and intervener, which verdict was accordingly rendered, and from which in due course this appeal was perfected.

The question of the contractual relation of the injured employee, Fox, is of prime importance here. We, therefore, look to the exact status of Fox as to his employment with Cotner & Patrick, and as to the Dunning Construction Company. His services were engaged by Cotner & Patrick. Another employee was working with him who was likewise engaged. Likewise another named Duncan mixed mortar for Cotner & Patrick in the work on the eighth floor, constituting three employees there. An engineer known as Bill operated the hoist. He was employed by the Dunning Construction Company, and he received signals regulating the elevator from the concrete men of Cotner & Patrick. The Dunning Construction Company were the general contractors in that they had contracted to do all of the work in building except plumbing and heating. Cotner & Patrick were employed by the general contractors to work on the cement floors. They were paid by the square foot. They had no agreement to do a certain amount of work, but they were to continue as long as satisfactory. Sometimes the Dunning Construction Company provided extra men, and the Dunning Construction Company exercised the right to discharge the employees of Cotner & Patrick. The latter's work was done according to the directions of Dunning Construction Company's superintendent, and he superintended the construction of the floors and all of Cotner & Patrick's work. The Dunning Construction Company furnished all materials and machinery used; they financed Cotner & Patrick's pay roll, and suggested and secured Cotner & Patrick to procure workmen's compensation insurance for the latter's employees indemnifying against loss by accidental injury. The Dunning Company provided workmen's compensation insurance for their own employees. The testimony revealed that the Dunning Company, by its agents and employees, spliced the hoist cable by use of clamps. By the testimony and opinion of experts, plaintiff showed that the use of clamps was not the proper method of splicing such a cable.

Plaintiff in error contends that the amendment of 1919 to the Workmen's Compensation Act does not refer to independent contractors, but only to employees of intermediate or subcontractors, who are not independent contractors, and that the amendment therein contained does not preclude the recovery by the plaintiff and intervener from acts of negligence resulting to them on the part of the principal contractor.

This contention avails nothing, for the reason that under the evidence plaintiff in error does not come within the class of independent contractors.

As cited by plaintiff in error, this court in Midland Oil & Gas Co. v. Creel, 89 Okla. 23, 213 Pac. 852, held:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of the work." Producers Lumber Co. v. Butler, 87 Okla. 172, 209 Pac. 738.

In the case of C., R. I. & P. Ry. Co. v. Bennett, 36 Okla. 358, 128 Pac. 705, 20 A. L. R. 678, it was held that where the contract is oral and there is no dispute as to the terms and but one inference can be drawn from the evidence, then the question of whether the relation is that of employer and independent contractor, or that of master and servant, is for the court.

Here there is no dispute as to the terms of the contract sufficient to take the question to the jury, and the facts warrant the conclusion that Cotner & Patrick were not independent contractors.

It is next contended that the Dunning Company had not brought themselves within the protection of the terms of the Workmen's Compensation Act as amended in 1919, by complying with the act, in that they had not carried insurance on Fox and other employees of Cotner & Patrick, and that there-

by, under the provisions of section 7286, Compiled Oklahoma Statutes, 1921, the liability prescribed by the act was not exclusive, and that an·injured employee could maintain an action in the courts for damages on account of such injuries as were received.

This contention is not tenable, for the reason that under the evidence it is shown that the Dunning Construction Company complied in every respect with the Workmen's Compensation Act in taking out insurance for their immediate employees and by posting notices and by making provisions for all employees to enjoy the benefits of the act who labored by reason of their principal contract.

Section 7285, Compiled Oklahoma Statutes, 1921, provides in part:

"Every employer subject to the provisions of the act shall **pay** or **provide** compensation as provided for in the act."

The Dunning Construction Company complied with this section when they provided insurance by securing the same as to Fox, through Cotner & Patrick.

It is next contended that Cotner & Patrick. as employers of Fox, under common-law principles, are entitled to maintain an action against the Dunning Construction Company for damages caused to them by the latter's negligence and the resulting injury to Fox. Sedgwick on Damages (9th Ed.) 24; Labatt on Master and Servant (2nd Ed.) vol. 7, section 8096; Ames v. Union Ry. Co., 117 Mass. 541; 8 R. C. L. 421; 18 R. C. L. 422; Clark v. London Gen. Omnibus Co., 2 K. B. 648, 6 Ann. Cas. 198; Tidd v. Skinner, 225 N. Y. 422, 122 N. E. 247; Scott v Curtis, 195 N. Y. 424, 88 N. E. 794; Robertson v. Paducah (Ky.) 142 S. W. 370; Kampmann v. Rothwell (Tex.) 109 S. W. 1089. And in this argument it is again urged that Cotner & Patrick were independent contractors. In other words, the contention is—Premise: A master in entitled to recover for injury to his servant caused by the negligence of a third party. Major deduction: Cotner & Patrick being independent contractors, the Dunning Construction Company is relegated to the position of a third party. Conclusion: Cotner & Patrick are entitled to recover from Dunning Construction Company. The reasoning is perfect, but as to the major deduction we have decided to the contrary, in that Cotner & Patrick are not independent contractors. The intervener, Standard Accident Insurance Company, refers to Cotner & Patrick in its petition as being subcontractors. Probably they were

merely employees, for in Dolese Bros. v. Androcopulas et al., 113 Okla. 18, 237 Pac. 844. this court followed the following definition of a subcontractor:

"A subcontractor is one who takes a portion of a contract from the principal contractor."

And further:

"He is one who is obligated to produce an agreed result."

Here there was no agreement as to the amount of work. Cotner & Patrick were not shown to have been contracted to do the entire amount of floor work, nor any specific amount, but only to work as long, and to do as much as was satisfactory, and at an agreed price per foot, under the supervision, direction, and together with the aid of the principal contractor.

For other definitions of a subcontractor, see: Buckley v. Taylor (Ark.) 11 S. W. 281; Words & Phrases, vol. 4 (2nd Series) 725; Words & Phrases. vol. 7 (1st Series) 6704; Smith v. Wilcox (Ore.) 74 Pac. 708; People v. Finn (Mich.) 127 N. W. 704; Rankin v. Rankin (Kan.) 122 Pac. 1120; Producers Lumber Co. v. Butler, 87 Okla. 172, 209 Pac. 738; Amerman v. State, 111 Okla. 174, 239 Pac. 146.

It is contended that the Standard Accident Insurance Company is subrogated to the rights of Cotner & Patrick and may maintain the action in its own name. It is urged that the right of subrogation exists independent of statute; that common-law rights have not been abrogated, limited, or affected by the Workmen's Compensation Act. Again. we agree in part and disagree in part and in the conclusion. Ordinarily the rights of subrogation exist without express statutory provision. The doctrine is one of equity and benevolence. Moore v. Lindsey. 52 Mo. App. 474; House v. Fowle, 22 Ore. 303, 29 Pac. 890; 37 Cyc. 364.

Subrogation is allowed only in favor of one who. under some duty or compulsion, legal or moral, pays the debt of another, and not in favor of him who pays a debt in performance of his own covenants, for the right of subrogation never follows an actual primary liability, and there can be no right of subrogation in one whose duty it is to pay, or in one claiming under him against one who is secondarily liable. Grand Council R. A. v. Cornelius, 198 Pa. St. 46, 47 Atl. 1124; 37 Cyc. 374.

·Again, we hold that the Workmen's Compensation Act swept away rights at common

law, as was stated in the case of Brooks v. Davis, 124 Pac. 140, 254 Pac. 66.

"The written law says: 'You can no longer invoke the rules of the common law to compensate your injuries'. Such a law becomes a farce and a failure if common-law rules may be invoked to thwart the spirit, purpose, and intention of it; and take away the new right created by it."

And:

"The right of action vouchsafed the injured employee under the common law is abolished and a theory of compensation has been worked out and enacted to take the place of the common-law action. The purpose of the Workmen's Compensation Law is to make the industry prosecuted, if hazardous, bear the burden of human wreckage incident to its operation." Scruggs Bros. & Bill Garage v. State Indus. Com. et al., 94 Okla. 187, 221 Pac. 470.

Section 7285, Compiled Oklahoma Statutes, 1921, provides:

"Every employer subject to the provision of this act shall pay or provide * * * compensation * * * without regard to fault as cause of such injury * * * and provided further that a principal contractor, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his intermediate or subcontractors and engaged upon the subject-matter of his contract, to the same extent as his immediate employer. Any principal, intermediate or subcontractor who who shall pay compensation under the foregoing provision may recover the amount paid from the subordinate subcontractor through whom he may have been rendered liable under this section."

Cotner & Patrick were primarily liable to Fox. The intervener assumed this liability. Under the section above. and the Workmen's Compensation Act, the Dunning Construction Company, principal contractors, were liable only in the event Cotner & Patrick did not pay compensation to Fox, or in the event they failed to compel Cotner & Patrick to carry workmen's compensation insurance. In the event Dunning Construction Company had paid Fox under the section of the act quoted, they could have recovered the same from the subordinate subcontractors through whom they were liable. Thus Dunning Construction Company were, in a measure, secondarily liable.

It is true the act as amended in 1919 did not make it mandatory for the principal contractor to take out insurance for immediate employees of a subordinate contractor, yet such principal was liable for injuries to such employees if such employees were not pro-tected, and there is nothing in the act to prevent such indemnifying insurance, nor the requirement thereof by the principal for his protection, and when in fact such insurance was required and secured, indemnifying a subcontractor, the same extended to and protected the principal. The insurance carrier thereby assumed the burden of wholly indemnifying the subcontractor, and the subcontractor had, as a part of his burden, the obligation to reimburse the principal for loss by injuries, "without regard to fault" as a cause of such injury, and the insurance carrier is no more entitled to be reimbursed by the principal or the subcontractor, because of their negligence resulting in injury or loss, than it would be in case it insured one against loss by fire and the insured failed to inspect the fire hazards, or wherein a child or agent of the insured, by carelessness or negligence, caused a fire loss. It assumed the risk.

Section 7302, Compiled Oklahoma Statutes, 1921, provides for damages by wrong of an outsider, and for an election by the injured workman as to whether he bring action against the wrongdoer in case such wrongdoer is not in the same employ, or under the Compensation Act. and in case of the latter election, for an assignment of his claim to the insurance carrier against the outsider who may have caused the injury. This section does not provide for an assignment of action against the employer nor the principal contractor, in case the immediate contractor is a subordinate contractor and not an independent contractor.

The plaintiffs in error contend that the common-law right of Cotner & Patrick and their insurer is not repealed or affected by the Workmen's Compensation Act. They say the only object of the act was to affect the employee's rights, and under circumstances transfer them to the insurer, so that the act merely added another right to the insurer, that right of the employee, in addition to the one it already had, that right of the employer.

We do not agree with this, for we think the Workmen's Compensation Act in effect was reciprocal in eliminating common-law rights; it was compensatory to both employer and employee. To the employee the act provided a summary action; it insured the workman a living wage, when injured. As to both it took away a jury trial. As to the employer it created a maximum loss as well as making the amount of recovery certain.

The cases cited, Royal Indemnity Co. v.

White Eng. Co., 198 N. Y. Supp. 264; London, etc., Ins. Co. v. Vicksburg S. & P. Co. (La.) 95 South. 771; Employee's Liability, Ass'n Co., Ltd., v. Ind. & Civ. Trac. Co. (Ind.) 144 N. E. 615, deal with the recovery from third parties.

Under the sixth proposition presented it is said:

"The holding of the trial court that an employee of an independent contractor is an employee of the general contractor, under the provision of the 1919 amendment, is unconstitutional, not being embraced in the title to the act."

Since there was no holding below that the employer of Fox was an independent contractor, the contention must fail. However, the act does not make a workman of a subcontractor the employee of the principal contractor; it does assure the employee that he shall receive compensation, and in certain events holds the principal responsible therefor. The constitutionality of the act was upheld in Adams v. Iten Biscuit Co., 63 Okla. 52, 162 Pac. 938. As to the title embracing the subject-matter, see the fourth paragraph of the syllabus thereof.

The title to the amendment of 1919 is as follows:

"An Act amending section 2, and subdivisions 1 and 14 of section 3 of article 1; sections 1, 2, 3, 4, and subdivisions 2, 3, 4, and 5, of section 6 and section 10, of article 2; section 1 of article 3; section 1 of article 4; section 10 of article 5 and section 2 of article 6, of chapter 246, Session Laws of Oklahoma of 1915; the same being an act providing for the compulsory compensation of injured employees in hazardous industries, placing the supervision of the act under a commission herein created, fixing a schedule of awards, and providing penalties for the violation of this act, and repealing section 5, of article 5. of said chapter 246, Session Laws of Oklahoma, 1915."

The act does not make an employee out of one who was not an employee theretofore; it merely extends to him privileges and benefits that he previously did not enjoy by providing that a principal contractor "shall be liable for compensation to any employee injured while in the employ of any of his intermediate or subcontractors and engaged upon the subject-matter of his contract, to the same extent as his immediate employer."

In the case of Dabney v. Hooker, 121 Okla. 193, 249 Pac. 381, this court said:

"We are not unmindful of the mandatory provisions of section 57, article 5, of our Constitution, that 'Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in the title.' Its requirements, though, are not to be exactingly enforced or enforced in such a technical manner as to cripple legislation."

See: In re County Commissioners Comprising the Seventh Judicial District, 22 Okla. 435, 98 Pac. 557; Noble State Bank v. Haskell et al., 22 Okla. 48, 97 Pac. 590; Pond Creek v. Haskell et al., 21 Okla. 711, 97 Pac. 337; In re J. A. Menefee, Treas., et al., 22 Okla. 365, 97 Pac. 1014; Leatherock v. Lawter et al., 45 Okla. 715, 147 Pac. 324.

We hold, therefore, that the 1919 amendment of the act is not unconstitutional as being in contravention of section 57. article 5, Constitution of Oklahoma, for clearly the subject-matter is expressed in the title, and there is but one subject embraced—that of compensation to injured employees.

It is contended the act is unconstitutional for the reason it is (1) class legislation; (2) it is not of uniform operation; and (3) it is a special law.

The amendment is not violative of section 6, article 2, of our Constitution, which provides:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person. property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice"

—for it is within the police power of the state to prescribe numerous limitations on the terms of contracts of employment. 12 C. J. 951.

Nor is it violative of section 7, article 2, of the Constitution, which provides:

"No person shall be deprived of life, liberty or property, without due process of law."

It is not a special law in the contemplation of section 32. article 5, of the Constitution, and it seems to be uniform in its operation. There is a sufficient distinction between the parties affected so as to eliminate the objection to it as being class legislation.

We, therefore, affirm the judgment of the trial court.

BRANSON, C. J., MASON, V. C. J., and PHELPS LESTER, HUNT, CLARK, and HEFNER. JJ., concur.

Note.—See under (1) 39 C. J. p. 38; §8: Workmen's Compensation Acts—C. J. p. 50, §42; anno. 65 L. R. A. 447, 453: 17 L. R. A. (N.S.) 371, 19 A. L. R. 236, 253; 14 R. C. L. p. 67; 3 R. C. L. Supp. p. 164: 4 R. C. L. Supp. p. 869; 5 R C. L. Supp. p-