## AMERICAN LIBERTY LIFE INS. CO. et al. v. BAIRD.

No. 24646. Feb. 25, 1936.

E. M. Connor, for plaintiffs in error.

Monnet & Savage, for defendant in error.

PER CURIAM. This case comes before this court on appeal from the court of common pleas of Tulsa county, Okla., wherein the defendant in error, Wilson D. Baird, recovered a judgment against the plaintiff in error, the American Liberty Life Insurance Company, a corporation. The parties will

be referred to as they appeared in the lower court.

The facts material for a proper determination of this appeal are these: In June, 1931, the plaintiff, Wilson D. Baird, purchased an automobile from the Simpson Auto Company of Oklahoma City, paying therefor $675 at the time of the purchase of said car, and the balance thereof, in the amount of $919.19, to be paid in 12 monthly installments of $76.66 per month. On July 6, 1931, O. A. Hughes, an agent of the defendant company, solicited the plaintiff at his office, and as a result of such solicitation, the plaintiff signed an application for an insurance policy with the defendant company under the terms of which the defendant company agreed to pay to the Simpson Auto Company, from whom the plaintiff purchased said automobile, the amount of such installment payments as might accrue thereon during any total disability that plaintiff might sustain as a result of illness or accidental cause, and on the 8th day of July. 1931, plaintiff issued his check to said O. A. Hughes covering premium payment on said policy for a period of one year from date, and simultaneous therewith said agent delivered to the plaintiff said insurance policy. Under the terms of said policy the insurance company agreed that in the event plaintiff should become totally disabled within a period of 12 months from date of said policy, either through illness or accidental injury, said company would pay to said Simpson Auto Company said monthly installments of $76.66 each during the continuance of said period of disability.

On August 15, 1931, while said policy was in force and effect, plaintiff became totally disabled and remained so from said date until October 15, 1931, and was thereafter totally disabled from November 6, 1931, to November 17, 1931.

Immediately upon becoming so disabled, plaintiff notified the J. Herbert Moore Agency of said insurance company, as required by said policy, and made a demand on said insurance company to make said payments of $76.66 per month to the Simpson Auto Company. which demand was refused and any and all liability under said policy denied by said insurance company.

Thereafter the plaintiff instituted its action against said insurance company for the sum of $191.65, representing the amount of installments on said automobile that matured and were paid by plaintiff during the period of his total disability.

The defendant insurance company answered in said action denying any contractual relations with the plaintiff and denying that the plaintiff was entitled to any rights of subrogation for the reason that the defendant and the Simpson Auto Company had no contractual relations that would entitle plaintiff to such subrogation; that the policy was issued on account of fraud and misrepresentation, and that before any liability could arise under said policy, it would be necessary that the Simpson Auto Company first sign a blanket policy; that a blanket policy was not signed by the Simpson Auto Company, and that the policy sued upon herein was null and void.

The Simpson Auto Company, also joined as a defendant herein, filed its answer admitting the sale of said automobile to the plaintiff; that all payments on said car have been made by the plaintiff; and denying any interest in the proceeds of said insurance policy, and alleging that no liability existed in favor of said Simpson Auto Company under said policy insurance.

Upon the issues so joined, the cause was tried to the court and jury resulting in a verdict for the plaintiff for the full amount sued for in his petition. A motion for a new trial was thereupon filed by the insurance company, which motion was overruled, and from the order overruling said motion, the defendant insurance company prosecutes this appeal.

Defendant's several assignments of error are briefed collectively upon the proposition that the defendant insurance company is not and could not be liable to the plaintiff herein for the reason that both the pleadings and the evidence show that the only contractual relations the defendant company had, if any, were with the Simpson Auto Company and not with the plaintiff. In this connection the trial court instructed the jury as follows:

"You are further instructed that the defendant claims that there was no liability to the plaintiff at all; that if there was any liability, it would have been to the Simpson Auto Company at Oklahoma City, in case the blanket policy which has been introduced in evidence had been executed and not until such blanket policy had been executed could this payment that was sent to the Oklahoma City agent of the company, until it was included under such blanket policy, would it have been liable to the Simpson Auto Company. Defendant's further contention is that this policy was procured by the plaintiff through fraud on the defendant. In this connection you are instructed that if you

believe from the evidence in this case that the duly authorized agent of the defendant solicited the plaintiff for insurance and took the plaintiff's application and premium for that insurance, and led the plaintiff to believe that this policy was issued to the plaintiff and for his benefit, and that the plaintiff relying on the representation of the agent of the company paid the premium and took this policy, then your verdict must be for the plaintiff for the amount sued for.

"You are instructed that if you believe from the evidence in this case that the plaintiff knew that before this policy would be operative, that the blanket policy would have to be taken by the Simpson Auto Company, and if you further believe in this connection that there was any fraud on the part of the plaintiff to procure this policy, then your verdict must be for the defendant. If your verdict is for the plaintiff, it must be for the full amount sued for."

The insurance policy in question contained, among other provisions, the following:

"All benefits payable under this certificate shall be payable to the dealer named herein as specified in the agreement heretofore, and in the event of a total disability of the purchaser under this agreement, **the company on such purchaser's behalf, agrees to make prompt payment to the dealer on the undue, unpaid installments of said purchase for the number of days of such disability.**"

The defendant's contention briefly is that inasmuch as the defendant insurance company did not agree, in the insurance policy, to pay any money to the plaintiff herein, the defendant company, if liable at all, was liable only to the Simpson Auto Company and not to the plaintiff, and that, therefore, the plaintiff, having paid the debt for which he was liable to the motor company, could not be subrogated to the rights of the motor company as against the defendant, and cite in support thereof Fox v. Dunning, 124 Okla. 228, 255 P. 582, to the effect that:

"Subrogation is allowed only in favor of one who under some duty or compulsion, legal or moral, pays the debt of another and not in favor of him who pays a debt in performance of his own covenant."

The authority cited by the defendant, however, has no application to the facts in this case. Herein, by the terms of the policy, the defendant company agreed to make payment, **on the purchaser's behalf,** to the dealer on the unpaid installments of said note, during the period of the plaintiff's disability, and by such provision the defendant company became the principal and the plaintiff became the surety.

In 50 Corpus Juris, at page 26, it is said:

"A common instance of involuntary suretyship, at least, as between the principal and surety themselves, occurs where one party to a contract as a part of the agreement assumes an indebtedness owing by the other to a third party. The one assuming the indebtedness becomes the principal and the former debtor a surety."

The evidence herein was amply sufficient to warrant the jury in finding that the plaintiff paid to the defendant company, through its duly authorized agent, the insurance premium hereinbefore mentioned, and in consideration therefor the insurance company issued to the plaintiff its policy, whereby it agreed to pay for and on behalf of the plaintiff such installments that might become due the Simpson Auto Company from the plaintiff during the period, if any, that plaintiff might become totally disabled, during the term covered by the insurance policy. It, therefore, follows, in view of the foregoing law as applied to the facts herein, that the plaintiff stood in the position of a surety and the defendant company as principal, and that when the plaintiff, as the surety, paid the debt, he thereby became subrogated to the creditor's rights as against the defendant.

Defendant's contention that the policy was issued on account of fraud and misrepresentation of the plaintiff was submitted to the jury under proper instructions by the court, and the issue resolved in favor of the plaintiff. An examination of the record discloses that such finding is amply supported by the evidence, and, under the familiar rule, such finding will not be disturbed by this court on appeal.

Defendant's further contention that it would first be necessary for the Simpson Company to execute a blanket policy before any liability would arise on the part of the defendant company becomes immaterial, in view of the law announced herein. The plaintiff paid to the defendant an insurance premium, and as a consideration for the payment of said premium, the defendant agreed to pay such part of plaintiff's debt to the Simpson Auto Company as might become due during such period of the time as plaintiff might be totally disabled during the time the policy was in force. The contingency upon which the defendant's liability rested did, in fact, happen, and upon the defendant's failure to make the payments due to the Simpson Auto Company, from plaintiff, the plaintiff paid the same, and, therefore, under the principles of suretyship law, hereinabove set forth, the plaintiff became subrogated to the Simpson Auto

Company's rights as against the defendant. Prior to the time the Simpson Auto Company answered in this case, the plaintiff had made the payments due to said company, and the Simpson Auto Company therefore correctly answered that it had no interest in the proceeds of such policy, and that no liability existed in its favor under the policy at that time.

The authorities cited by the defendant herein, together with the record, have been fully examined and considered; the issues were fully submitted to the jury under proper instruction by the trial court and resolved in favor of the plaintiff. The verdict of the jury is amply supported by the evidence and the law, and the same is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Theodore R. Moore, W. E. Crowe, and Ernest F. Smith in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Moore and approved by Mr. Crowe and Mr. Smith, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.