## HARTFORD ACCIDENT & INDEMNITY CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 13002—Opinion Filed Oct. 3, 1922.

(Syllabus.)

**1. Master and Servant—Additional Workman's Compensation for Disfigurement.**

Section 6, art. 2, c. 246, Sess. Laws 1915, as amended by section 9, c. 14, Sess. Laws 1919, construed, and held to authorize the State Industrial Commission to award an injured employe compensation for a permanent disfigurement of the face, although compensation has been allowed for loss of time for temporary disability.

**2. Same.**

Where an injured employe has been awarded compensation for temporary total disability for a certain number of weeks, the State Industrial Commission may award such claimant compensation for a permanent disfigurement of the face, provided such compensation is not in addition to the compensation awarded for the temporary disability of such claimant, and in a proceeding to reverse such an award the presumption is that the commission in making its award proceeded in accordance with the law.

**3. Master and Servant—Workman's Compensation—Decision on Evidence Final**

It is well settled in this jurisdiction that the decision of the commission as to all matters of fact is final if there is any evidence whatsoever tending to support it.

Original action by Hartford Accident & Indemnity Company against the State Industrial Commission, A. B. Byrd, and Lone Star Gas Company to reverse an award of the Industrial Commission in favor of A. B. Byrd. Award affirmed.

Rittenhouse & Rittenhouse, for petitioner.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondent State Industrial Commission.

Parmenter & Parmenter, for respondent A. B. Byrd.

KENNAMER, J. The Hartford Accident & Indemnity Company, petitioner, instituted this action originally in this court against the State Industrial Commission, A. B. Byrd, and Lone Star Gas Company, respondents, to have this court review an award made by the Industrial Commission on the 30th day of December, 1921, awarding A. B. Byrd compensation in the sum of $225.03 for temporary disability resulting from an accidental injury received by Byrd on the 30th day of November, 1920, in the course of his employment as an employe of the Lone Star Gas Company, and additional sum of $500 for a permanent disfigurement to the face resulting from said injury.

The grounds upon which the petitioners seek to have the award of the Industrial Commission in awarding respondent Byrd compensation for permanent disfigurement to the face reversed are: First, that there is no evidence to support the award of the commission; second, that under subdivision 3 of section 9 of article 2, c. 246, of the Session Laws of 1915, as amended by c. 14 of the Session Laws of 1919, the Industrial Commission is only authorized to award compensation for disfigurement when such disfigurement is serious and permanent.

It is the contention of counsel for the petitioner in this cause that there is a total absence of evidence in this record to show that the disfigurement for which the award was given was, or is, a serious disfigurement. We are unable to agree with contention made by counsel for the petitioner. It is unnecessary to go into a detailed statement of what evidence appears in the record, as we deem it sufficient to state that the testimony set out in the brief of counsel for the petitioner shows that the respondent Byrd was personally present before the commission and the injuries to his face were exhibited to the commission, and the evidence discloses that in the accident caused by an automobile turning over claimant Byrd's lower jaw bone was broken, his upper lip cut

through in three places, and ten teeth knocked out; that he received other bruises and injuries. The claimant, Byrd, shows that his upper lip was disfigured and that he had a scar under his chin.

The evidence showing that the claimant had received a permanent disfigurement about his face is uncontradicted. The rule has been adhered to by this court that it is only where there is no evidence to support the award of the Industrial Commission that this court will review the evidence. Associated Employers' Reciprocal et al. v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862.

Under section 6, article 2, c. 246, Session Laws 1915, as amended by section 9, c. 14, Session Laws 1919, the Industrial Commission is vested with jurisdiction to award the claimant compensation for a permanent disfigurement. The applicable part of said Statute reads as follows:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the commission, but not in excess of three thousand dollars. Provided, that compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

Counsel for petitioner contend, under the statute, supra, that the commission is without power to make an award for disfigurement alone, and that the disfigurement is not awardable unless it not only be permanent, but serious as well. We are unable to concur in the narrow construction of the statute contended for by counsel for the petitioner. The rule is, the statute must be liberally construed in favor of the injured employe. Henley v. Oklahoma Union Ry. Co., 81 Okla. 224, 197 Pac. 488; Stasmos v. State Industrial Commission et al., 80 Okla. 221, 195 Pac. 762.

The first part of the statute, supra, authorizes the commission to compensate an injury resulting in the loss of hearing or any serious and permanent disfigurement of the head, face, or hand, and following this language of the statute is the proviso which recognizes the authority of the Industrial Commission to compensate a claimant for loss of hearing or permanent disfigurement, and qualifies such authority to the extent that such compensation for loss of hearing or permanent disfigurement must not be in addition to other compensation provided for in the section of the statute, but directs the

commission in fixing such compensation to consider such other compensation as may have been awarded under the other provision of the section of the statute.

In the case of Seneca Coal Co. et al., v. Carter et al., 85 Okla. 220, 205 Pac. 495, pages 495 and 496, this court, in construing the above section of the statute, supra, said:

"Counsel for petitioners insist. that the proviso providing 'that compensation for loss of hearing or permanent disfigurement shall not be in addition to other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided,' evidences an intention on the part of the Legislature of denying to the injured employe compensation for permanent disfigurement where he has been allowed compensation for a specific injury provided for in the first part of the section of the statute, such as the loss of an eye or hand, etc. Such a construction of the statute is unreasonable and would lead to an absurdity. The phrase, 'should not be in addition to other compensation provided for in this section,' makes plain the intention of the Legislature that the compensation allowed for permanent disfigurement has reference to other injuries not compensable as specific injuries provided for specifically, such as the loss of an eye, hand, or foot, etc. The phrase, 'but shall be taken into consideration in fixing the compensation otherwise provided' vests the commission with jurisdiction in allowing compensation for a permanent disfigurement to consider any compensation that may have been allowed for a specific injury. For instance, just as in the case at bar, where the injured employe has been compensated for the loss of an eye in awarding compensation for a permanent disfigurement of the face to the extent that the loss of an eye has to do with permanent disfigurement. the commission, in making the award, must eliminate from such disfigurement to the face the loss of an eye, or such loss as the impaired eye contributed to the disfigurement of the face. The loss of an eye having been compensated under the first part of the statute, supra, prescribing a specific amount for the loss of an eye, is not to again be compensated as constituting a part of a permanent disfigurement.

"It is obvious that the compensation for permanent disfigurement must be independent of, and not in addition to, any compensation allowed for a specific injury. But, in determining the amount of the award to be allowed for such disfigurement under the proviso of the act, the commission is vested with jurisdiction to consider and qualify the amount that may be awarded under the statute for permanent disfigurement to the extent an awardable specific injury has contributed to the permanent disfigurement of the employe. It would be unreasonable to hold under section 6, art. 2, c. 246, Session Laws

1915, as amended by section 9, c. 14, Session Laws 1919, supra, that the commission is without jurisdiction to compensate an injured employe for a permanent disfigurement of the head, face, or hands where the same exists independent of some compensable specific injury. To so hold would be to deny the commission jurisdiction to compensate an injured employe for permanent disfigurement where he lost his right eye, but suffered a permanent disfigurement to the left side of his face, entirely independent and apart from the loss of his eye. The authorities uniformly hold that statutes must be construed so as not to lead to absurd consequences. 25 R. C. L., sec. 223."

In the instant case it appears that the commission inadvertently used the language in its award of $500 for the permanent disfigurement of the claimant's face; that said amount was in addition to the $225.03 awarded the claimant by reason of his disability to work for 13 weeks at $17.31 per week. But, as the record fails to disclose that the disability for which the commission awarded $225.03 in any way was an element or part of the injuries resulting in the permanent disfigurement, the award should be affirmed. The presumption is that the commission acted in accordance with the statute.

It is therefore ordered that the award of the commission be, and the same is, affirmed.

JOHNSON, McNEILL, MILLER, and NICHOLSON, JJ., concur.