**JEFFERSON GASOLINE CO. et al. v. WALSH et al.**

No. 12130—Opinion Filed July 24, 1923.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation—Finality of Decisions on Facts.**

By the provisions of section 7294, Comp. Stat. 1921, the decision of the State Industrial Commission is made final as to all questions of fact.

2. **Same—Loss of Hearing—Compensation.**

Under section 7290, Comp. Stat. 1921, providing for compensation for loss of hearing in an amount to be determined by the Industrial Commission, but not in excess of $3,000, where the commission found as a fact that the claimant, as a result of an accident, suffered loss of hearing in his left ear, such finding entitled the claimant to the compensation provided for in the act, and the action of the commission in awarding the claimant compensation in the sum of $1,500 is affirmed.

Appeal from State Industrial Commission.

Petition by Jefferson Gasoline Company, employer, and the Consolidated Underwriters, insurer, against the State Industrial Commission and Leo Walsh, to review an award to the latter, an employe, made by the commission. Affirmed.

Howard & Moss, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

MASON, J. The petitioners commenced this action by petition to review the action of the State Industrial Commission in making an award in favor of Leo Walsh, on the 15th day of February, 1921, in the sum of $1,500, for total loss of hearing in his left ear.

The award was made by the Industrial Commission after hearing had in the city of Tulsa, at which hearing the testimony of several witnesses was taken, but a transcript of the evidence is not attached to the record; however, there is attached to the record a purported "transcript of testimony," signed by the reporter, consisting of the statement that: "The respondent and insurance carrier admit that claimant sustained an injury; that his wages were $5 per day, and that he has lost the hearing in one ear."

Petitioners also admit in their petition for review that respondent was in the employ of petitioner, Jefferson Gasoline Company, at the time of his injury, and it will be presumed in the absence of substantial evidence to the contrary that the injury comes within the provisions of the Workmen's Compensation Act. Wick. v. Gunn, 66 Okla. 316, 169 Pac. 1007.

The commission found that respondent was injured on the 30th day of August, 1920, in due course of his employment, and that as a result of said injury he totally lost his hearing in his left ear, and fixed his compensation at $1,500, and on all questions of fact the decision of the commission is final. Section 7294, Comp. Stat. 1921; Stephenson v. State Industrial Commission, 79 Okla. 228, 192 Pac. 580; Missouri Valley Bridge Co. v. State Industrial Commission, 86 Okla. 209, 207 Pac. 562.

Section 7290 (subsec. 3) Comp. Stat. 1921, provides that compensation shall be paid in an amount to be determined by the commission, not to exceed $3,000, for an injury resulting in loss of hearing.

Petitioners contend that the injury did not result in a total loss of hearing, but only a total loss of hearing in the left ear, and that therefore the commission was without jurisdiction or authority to award compensation, inasmuch as article 2, sec. 9, of the Workmen's Compensation Act only

provides for compensation "in case of an injury resulting in loss of hearing," and says nothing about percentage of loss of hearing, or loss of hearing in one ear.

The act does not provide that the injured party shall be rendered totally deaf by his injury before he is entitled to compensation, but merely that he shall have suffered loss of hearing, which, under the statute, may be either partial or complete. If complete, there must be a total loss of hearing in both ears; if partial, there must be a total or partial loss of hearing in one ear, or a total loss of hearing in one ear and a partial loss in the other, or a partial loss of hearing in both ears.

It is for loss of hearing that the commission was asked to make an award; the extent of loss to be determined by the commission and its award to be fixed accordingly, not to exceed the sum of $3,000.

This exact question has been definitely decided by this court in an opinion by Mr. Justice Johnson, in the case of Missouri Valley Bridge Co. v. State Industrial Commission, supra, wherein the court used the following language:

"It seems quite clear to us that the loss of the hearing in the left ear is the loss of hearing as provided in the act, and that the claimant was entitled to the compensation provided for in the act, the amount thereof to be determined by the commission within the limitation fixed by the act. The commission determined the amount to which the claimant was entitled to be $1,500. In these circumstances, we do not think that the amount as found by the commission was unreasonable, or that the commission acted arbitrarily in fixing the award in that sum."

For the reasons stated, the award of the commission is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, COCHRAN, BRANSON, and HARRISON, JJ., concur.