Note.—See under (1) 37 Cyc. pp. 729, 1009; 26 R. C. L. p. 243; 4 R. C. L. Supp. p. 1665; 5 R. C. L. Supp. p. 1395; 6 R. C. L. Supp. p. 1545. (2) 37 Cyc. p. 1080. (3) 37 Cyc. pp. 1080, 1184; 26 R. C. L. p. 459. (4) 37 Cyc. pp. 994, 1080, 1136, 1267, 1268, 1271; 10 R. C. L. p. 721; 2 R. C. L. Supp. p. 1055.

---

**COMAR OIL CO. et al. v. SIBLEY et al.**

No. 18084.    Opinion Filed Dec. 6 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation—Award for Temporary Disability and for Permanent Disfigurement not Double Compensation.**

The State Industrial Commission may make an award for temporary disability and also an award for serious permanent disfigurement. The fact that the injury causing temporary disability also caused the serious and permanent disfigurement does not make the award double compensation.

2. **Same—Review of Awards by Supreme Court—Conclusiveness of Findings of Fact.**

The judgment and finding of the State Industrial Commission as to all matters of fact is final, and where there is any competent evidence to support said finding or award, the same will not be disturbed by this court on review.

Original Action to Review Order of the Industrial Commission.

Action by the Comar Oil Company and another to review award of workman's compensation to Roy Sibley. Affirmed.

Clayton B. Pierce and Burford, Miley, Hoffman & Burford, for petitioners.

Edwin Dabney, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

CLARK, J. This is an original action brought in this court by petitioners to review an award of the State Industrial Commission, made on the 10th day of December, 1926. Roy Sibley, respondent, was awarded

the sum of $2,000 for serious, permanent facial disfigurement.

Nine assignments of error are contained in the petition of petitioners. Four assignments of error are argued in petitioners' brief. The first one is as to the admissibility of evidence offered before the Commission that respondent could not properly masticate. This was a trial to determine what award should be made for a serious and permanent disfigurement of respondent. This evidence is admissible for the purpose of showing that respondent's teeth did not meet, that the injury resulted in his jaw being out of line, and that his face was not normal.

The second and third assignments of error are as follows:

"2. It was error for the trial commissioner to himself make an examination of the claimant and read his unsworn observations into the records as the basis for an order.

"3. If we are in error as to the above, and the trial commissioner had a right to make such observations, then in all justice and fairness, the whole Commission should have had the same opportunity."

We have carefully examined the record, and find that the commissioner's observations were amply supported by the testimony. Petitioner does not contend that the observations made by the commissioner were not true and correct. This contention is not well taken, for the reason that the evidence is sufficient to sustain the finding of the commissioner without the observations of the commissioner or his findings from same in the record.

The fourth assignment of error is as follows:

"It is direct violation of the statute to make an award for both a disability and a disfigurement arising out of the same injury."

The law controlling this question was settled by this court in the case of Arrow Gasoline Co. v. Holloway, 122 Okla. 257, 254 Pac. 98, the third paragraph of the syllabus of which is as follows:

"The Industrial Commission may make an award for temporary total disability, and also an award for loss of hearing and serious disfigurement; where claimant's hands were injured, and this constituted an element contributing to his disability, and also a portion of the disfigurement for which the latter award was made, does not make the award a double compensation."

Also see Seneca Coal Co. v. Carter, 85

Okla. 220. 205 Pac 495; Hartford Accident & Indemnity Co. v. State Industrial Commission, 87 Okla. 180, 209 Pac. 775.

It is well settled in this jurisdiction that the decision of the Commission as to all matters of fact is final if there is any competent evidence to support the same.

We have examined the record, briefs of petitioners and respondent, and find that the judgment and award of the Industrial Commission is amply supported by the evidence, and the same is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 88, §79. (2) Workmen's Compensation Acts—C. J. p. 122, §127: anno. L. R. A. 1916A, pp. 178, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 828; 3 R. C. L Supp. p. 1600; 4 R. C. L. Supp. p. 1872: 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. p. 1766.