### FEDERAL MINING & SMELTING CO. et al. v. WARMAN et al.

No. 21291. Opinion Filed Oct. 28, 1930.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. In this case the Industrial Commission made an award for permanent total disability to Sam Warman, the claimant, and in addition thereto an award for permanent disfigurement.

In the application to review in this court the petitioners contend that this award for permanent total disability was in lieu of all other awards and that the award for disfigurement should not be allowed in addition thereto.

Until section 7290, C. O. S. 1921, was amended by chapter 61, sec. 6, 1923 Session

Laws, no award could be made for loss of hearing or permanent disfigurement. Since the adoption of the amendment, however, an award can be made for these injuries. The amendment is as follows:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000; provided, that compensation for the loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

In the accident the claimant lost the sight of one eye, received an injury to the other, injuries to his face, nose, neck and hand, as the result of an explosion. The Commission made an award in his favor for permanent total disability and in addition thereto he was awarded $2,500 as compensation for disfigurement.

The statute provides that in case of an injury resulting in loss of hearing or in serious and permanent disfigurement of the face, head, or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000. To this provision the Legislature attached a proviso which specifically says that compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing compensation otherwise provided. We think a fair and liberal interpretation of this amendment means that the Industrial Commission can take into consideration the disfigurement in making a finding of total disability. When, however, it has been found that a total disability exists, the maximum amount that can be allowed for total disability, including disfigurement, is the amount provided for by the statute for permanent total disability. The award of the Industrial Commission for the permanent total disability is affirmed, but as to the amount allowed in addition thereto for disfigurement it is vacated.

MASON, C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent.

Note.—See under (2) 12 R. C. L. p. 1074; R. C. L. Perm. Supp. p. 3254; (3) 12 R. C. L. p. 1076; R. C. L. Perm. Supp. p. 3255.