## SLATER BROS. TURNBUCKLE & DERRICK CO. et al. v. FELTON et al.

No. 21486. Opinion Filed Dec. 16, 1930.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Joseph A. Gill, for respondents.

HEFNER, J. This is an application to review an award of the State Industrial Commission in favor of Sam E. Felton. The Commission made the following award:

"The Commission is of opinion on consideration of the foregoing facts: That claimant is entitled to compensation computed from the 26th day of January, 1930, until June 5, 1930, at the rate of $18 per week or a total of 17 weeks and four days, in the total sum of $318 and that said compensation should be continued until otherwise ordered by the Commission.

"The Commission is further of opinion: That claimant is entitled to the sum of $2,000 as a reasonable sum for the serious and permanent disfigurement over his right eye, and the total loss of hearing in his right ear, and for the impairment of hearing in the left ear."

The findings of fact made by the Commission are binding on this court because there is evidence in the record tending to support them.

The petitioners contend that the Commission erred in awarding the claimant permanent disfigurement in addition to temporary total disability. It is claimed that no award for disfigurement could be made before the extent of claimant's disability was finally determined.

The applicable portions of the Industrial Act, section 7290, C. O. S. 1921, are as follows:

"2. Temporary Total Disability. In case of temporary total disability, 66 2/3 per centum of the average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of 300 weeks, except as otherwise provided in this act. * * *

"In case of an injury resulting in the loss of hearing, or, in serious and permanent disfigurement of the head, face, or hands, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000; provided, that compensation for the loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

In the case of Seneca Coal Co. v. Carter, 85 Okla. 220, 205 Pac. 495, this court said:

"The undisputed testimony conclusively shows, in addition to the loss of an eye, the claimant received permanent disfigurement of his face for which the Commission awarded him the sum of $1,000. Counsel for petitioners insist that the Commission awarded the claimant compensation at the rate of $12.98 per week for 100 weeks for the loss of his left eye, and that by reason of the award for the loss of his eye, under section 6, art. 2, c. 246, Sess. Laws 1915, as amended by section 9, c. 14, Sess. Laws 1919, the Commission is without jurisdiction to award the claimant $1,000 for permanent disfigurement to his face."

In the Coal Company Case, supra, the claimant was awarded compensation of $12.98 per week for 100 weeks for the loss of an eye, and in addition to the loss of his eye he received from the same accident permanent disfigurement of his face, for which the Commission awarded him further compensation in the sum of $1,000, and both features of the award were upheld.

In the case at bar the Commission found the respondent to be temporarily totally disabled from performing ordinary manual labor and made an award upon that basis. It also found that respondent had suffered serious and permanent disfigurement of the face and total loss of hearing in his right ear and impairment of hearing in his left ear and made an award for permanent disfigurement in the sum of $2,000.

In the case of Federal Mining & Smelting Co. v. Warman, 145 Okla. 281, 292 Pac. 865, this court said:

"The statute provides that in case of an injury resulting in loss of hearing or in serious and permanent disfigurement of the face, head, or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000. To this provision the Legislature attached a proviso which specifically says that compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing compensation otherwise provided. We think a fair and liberal interpretation of this amendment means that the Industrial Commission can take into consideration the disfigurement in making a finding of total disability. When, however, it has been found that a total disability exists, the maximum amount that can be allowed for total disability, including disfigurement, is the amount provided for by the statute for permanent total disability. The award of the Industrial Commission for the permanent total disability is affirmed, but as to the amount allowed in addition thereto for disfigurement it is vacated."

From these cases we think it is clear that the Commission had authority to make the award it did make. If the award had been made for permanent total disability, then the Commission could not have added an additional amount for disfigurement, but this is not the case. The Commission made an award for temporary total disability and in addition thereto made an additional award for permanent disfigurement. This it had authority to do so long as it did not exceed the amount allowed by the statutes for permanent total disability.

The petition to vacate the award is denied.

LESTER, V. C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and CLARK, JJ., absent.

Note.—See under (1) ann. L. R. A. 1916A, 141, 254; R. C. L. Perm. Supp. p. 6244.