## DOLESE BROS. CO. v. ROBERTS et al.

No. 22652.   Opinion Filed Feb. 23, 1932.

Clayton B. Pierce and Fred M. Mock. for petitioner.

Grindstaff, Zellers & Hutcheson, for respondent Roberts.

HEFNER, J. This is an original proceeding in this court by Dolese Brothers Company to review an award of the Industrial Commission awarding compensation to Charles Roberts.

The Industrial Commission found claimant sustained an accidental injury on March 11, 1930, while in the employ of petitioner, which resulted in temporary total disability from the date of the injury to April 2, 1931; that petitioner had paid him compensation therefor in the sum of $638.55; that, by reason of the injury, it became necessary to amputate claimant's right arm above the elbow; that he had lost all hearing in the right ear; and sustained 18 per cent. permanent loss of vision in both eyes. The Commission further found that claimant's average daily wage at the time of the injury was $3.02 per day. Upon these findings, claimant was awarded compensation in the sum of $1,200 on account of the loss of hearing in his right ear; the sum of $11.61 per week for 250 weeks, or a total of $2,902.50, for the loss of his right arm; and compensation at the rate of $11.61 per week for a period of 90 weeks, or a total of $1,044.90, because of the permanent partial loss of vision of both eyes.

It is conceded by petitioner that claimant, on March 11, 1930, while in its employ and while engaged in putting out powder and attaching fuses thereto preparatory to blasting rock in the quarry then being operated by petitioner, was injured by a premature explosion as found by the Commission. Petitioner, however, contends that excessive compensation was awarded claimant. Complaint is made as to the compensation awarded because of permanent partial loss of vision in both eyes. It will be observed that the Commission allowed compensation for 18 per cent. of 500 weeks at the rate of $11.61 per week, or a total of 90 weeks. Petitioner urges that, since there was an allowance made for 250 weeks for the loss of the right arm, the allowance for permanent partial loss of the vision of both eyes should have been 18 per cent. of 250 weeks. It is argued that compensation can, in no event, be allowed for a greater period than 500 weeks, and that since claimant was allowed compensation for 250 weeks because of the loss of his right arm, in estimating compensation for the permanent partial loss of the vision of both eyes, the 250 weeks allowed for the arm should be subtracted from the 500 weeks, the total time allowed by the statute for permanent total disability. We do not agree with this contention. The statute allows certain compensation for the loss of an arm and also allows certain compensation for the total loss of vision. Since the statute definitely fixes the amount which may be allowed for the loss of these members, and the award is in accordance therewith, and since the aggregate amount allowed by the Commission does not exceed the total amount authorized by statute for permanent total disability, the allowance, in our opinion, is authorized by the statute. The Commission did not err in its method of computation.

Petitioner further contends that the evidence is insufficient to sustain the finding of the Commission that claimant was temporarily totally disabled from the 11th day of March, 1930, to April 2, 1931. We think the evidence is sufficient to sustain this finding. Claimant testified that he had been unable to and had not worked after receiving his injuries. While the evidence in this respect is somewhat indefinite and contradictory, we think there is sufficient evidence upon which to base the finding. It has been repeatedly held that this court cannot weigh the evidence on appeal from the Industrial Commission, and that its order will be sustained if there is any competent evidence reasonably tending to support the same. Under this rule, the award, in this

200

respect, is affirmed, and the petition to vacate is denied.

LESTER, C. J., and RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and SWINDALL, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 257; 28 R. C. L. 820, 821. (2) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.