## MAGNOLIA PETROLEUM CO. v. JOHNS et al.

No. 22552. Opinion Filed Dec. 6, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., John E. Luttrell, and J. D. Holland, for respondent.

RILEY, J. This is a review of an industrial award made to A. H. Johns for permanent disability to left leg 20 per cent.; to right hand 30 per cent.; to left hand 45 per cent. Time allowed 237½ weeks. The rule requires computation by ascertaining the sum of the percentage of loss to two members, a division of the same by two, and the allowance of that percentage of total statutory disability allowance of 500 weeks, and the addition thereto of the percentage disability of the statutory allowance for the remaining member. Ordinarily it would be supposed that disability percentage for two corresponding members would be first added as suggested and directed in the cases of American Tank Co. v. State Industrial Comm., 153 Okla. 117, 5 P. (2d) 137, and Dolese Bros. Co. v. Roberts, 155 Okla. 198, 8 P. (2d) 756, such as where both arms or eyes are permanently injured. However, we are not prepared to hold that it is error to select the percentage of one corresponding member and compute it with a more distant member, as in the case at bar, and add percentage allowance for the remaining corresponding member.

We assume here the computation was as follows:

20 per cent. plus 45 per cent. or 65 per cent.—65 per cent. divided by 2 equals 32½ per cent.

32½ per cent. of 500 weeks equals 162½ weeks.

20 per cent. of 250 weeks for loss of use of arm equals 75 weeks.

162½ weeks plus 75 weeks equals 237½ weeks.

The computation is sustained.

Section 7290, C. O. S. 1921, amended S. L. 1923, section 6, ch. 61 [O. S. 1931, sec. 13356] provides:

"Loss of both hands, or both feet, or both legs, or both eyes, or any two thereof, in the absence of conclusive proof to the contrary, shall constitute permanent total disability."

And:

"In all other cases permanent disability shall be determined in accordance with the facts."

The correct computation would not be within the "other cases" clause of section 7290, supra, as contended, for here is to be considered permanent loss to specific members provided for by the statute. The statute exclusive of the "other cases" clause contemplates arbitrary compensation for permanent partial loss of use of specific members irrespective of loss of earning capacity, whereas the losses, not to specific members, falls within subdivision 3 of the section, and is based upon loss of earning capacity.

The Commission erred in allowing compensation for temporary total disability from February 4, 1931, to April 18, 1931.

The accident occurred October 12, 1930. The employer paid compensation from date of accident to February 4, 1931, less the five-day waiting period. The claimant returned to work February 4, 1931. His pay was at the rate of $4.50 per day, a reduction of $2.50 per day. He continued to work until April 18, 1931, one week after he had filed his compensation claim. He was discharged April 18, 1931.

No man is entitled to temporary total disability compensation while he is earning his livelihood and drawing wages therefor. The award in this respect cannot be sustained for a period beginning prior to April 18, 1931. In this regard the award is reversed and the cause is remanded for reconsideration of the allowance for temporary total disability.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.