## BRUNSTETTER MOTOR CO. et al. v. BRUNSTETTER et al.

No. 24220. Sept. 11, 1934.

Rehearing Denied Oct. 16, 1934.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

Duncan & DeParade, for respondent Harry Brunstetter.

CULLISON, V. C. J. This is an original proceeding in this court by the petitioners, Brunstetter Motor Company and Aetna Life Insurance Company, to review an award of the State Industrial Commission made October 22, 1932, in favor of the claimant, Harry Brunstetter.

The record discloses that the accidental injury was caused from spilling burning paint, which injured claimant's face, neck, shoulders, and eyes, and left a permanent scar on claimant's neck and right shoulder. That the severe burn, or surgical operations thereon, had injured the seventh nerve and thereby caused a total paralysis of the right side of claimant's face, making it impossible for claimant to close or "bat" his right eye, or hold his left brow in a straight line, and impaired the proper use of his mouth, thereby causing claimant to be seriously and permanently disfigured.

The record further discloses that by reason of the accidental injury claimant has a T-shaped scar, the shaft of which extends down the right side of claimant's neck to the shoulder and thence cross-wise on the shoulder, which scar and scar tissue have limited the motion of the head and neck to the left, thereby interfering with claimant's mechanical work, decreasing his wage-earning capacity, and causing him to be permanently partially disabled.

The Commission awarded claimant $3,000 for the serious and permanent disfigurement to his face, and 300 weeks' compensation at $8 per week for his permanent partial disability by reason of reduced wage-earning capacity, under "other cases," section 13356, O. S. 1931, both awards being made by reason of the same accidental injury.

Petitioners contend that the Commission erred in awarding compensation for 300 weeks for permanent partial disability based on a loss in wage-earning capacity without taking into consideration the maximum award of $3,000 made for disfigurement as provided in subdivision 3, section 13356, O. S. 1931. Petitioners urge that the making of such concurrent awards for the same injury would be double compensation.

In other words, it is contended that the Commission erred in making an award for both a disability and a disfigurement arising out of the same injury.

The section relied upon by petitioners reads in part:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face, or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000; provided, that the compensation for the loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

The first part of the statute, supra, applicable to this case, clearly evidences an intention on the part of the Legislature to allow the injured employee compensation for a serious and permanent disfigurement of the head, face, or hands in any sum, but not in excess of $3,000, and the Industrial Commission is vested under the statute with jurisdiction to make such an award. To this provision the Legislature attached a proviso which specifically says that compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing compensation otherwise provided. We think a fair and liberal interpretation of this statute means that the Industrial Commission can take into consideration the disfigurement in making a finding of permanent partial disability.

This section has been construed by this court to mean that, where an award has been made for temporary total disability, or for the loss of a specific member, the Commission may, after taking the compensation allowed therefor into consideration, make an independent award for injury resulting in the loss of hearing or in serious or permanent disfigurement of the head, face, or hands, provided the total amount awarded does not exceed the maximum amount that can be allowed under the statute for permanent total disability. See Seneca Coal Co. et

al. v. Carter et al., 85 Okla. 220, 205 P. 495; and also, Slater Bros. Turnbuckle & Derrick Co. et al. v. Felton et al., 147 Okla. 28, 294 P. 96; Comar Oil Co. et al. v. Sibley et al., 128 Okla. 156, 261 P. 926; Arrow Gasoline Co. v. Holloway, 122 Okla. 257, 254 P. 98; Hartford Accident & Indemnity Co. v. State Industrial Commission, 87 Okla. 180, 209 P. 775; Dolese Bros. Co. v. Roberts et al., 155 Okla. 198, 8 P. (2d) 756, and Federal Mining & Smelting Co. et al. v. Warman et al., 145 Okla. 281, 292 P. 865.

It would be unreasonable to hold that, under the statute in question, the Commission is without jurisdiction to compensate an injured employee for a permanent disfigurement of the head, face, or hand where the same exists independent of a permanent partial disability by reason of reduced wage-earning capacity. To so hold would be to deny the Commission jurisdiction to compensate an injured employee for permanent disfigurement where he has a permanent partial disability by reason of a 35 per cent. limitation of motion of his head and neck to the left, with heavy scar tissue on his neck sensitive to clothing, but suffered a permanent disfigurement to his face in the nature of total paralysis of the right cheek, affecting the mouth and eyebrow lines and the closing of the right eyelid, all entirely independent and apart from the permanent partial disability by reason of reduced wage-earning capacity. The authorities uniformly hold that statutes must be construed so as not to lead to absurd consequences. 25 R. C. L., sec. 223.

The presumption being that the Commission acted in accordance with the statute, it is to be presumed that the Commission considered the compensation awarded for serious and permanent disfigurement when making the award for permanent partial disability produced by the same injury.

The compensation awarded claimant not being in excess of the amount provided for by the statute for permanent total disability, we are of the opinion that the award made was authorized under the statute and should be affirmed.

It is, therefore, so ordered.

RILEY, C. J., and McNEILL, OSBORN, and WELCH, JJ., concur;. SWINDALL, ANDREWS, BAYLESS, and BUSBY, JJ., dissent.

---

ANDREWS, J. (dissenting). I dissent from the opinion in this case.

The record herein shows that the claim-

ant received an accidental personal injury arising out of and in the course of his employment, which was caused by burning paint coming in contact with his face, neck and eyes.

There appears to be no question of fact presented. The determination of the legal question presented requires a review of the history of the legislation and a determination of the effects of the legislative enactments applicable thereto.

Section 6, art. 2, ch. 246, Session Laws 1915, established a schedule of compensation to be payable for injuries sustained by employees engaged in the hazardous employments enumerated and defined in article 1 of that chapter. The third subdivision, among others of that section, was amended by the provisions of section 9, ch. 14, Session Laws 1919. By that amendment the paragraph of the original section which provided that the compensation for "the foregoing specific injuries" shall be in lieu of all other compensation except certain benefits was added to the paragraph pertaining to amputations, which immediately preceded it, and there was added to the same paragraph the following:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face, or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000. Provided, that compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

I have called attention to this amendment for the reason that a portion of the argument of the respondent is based on the fact that the new matter hereinbefore quoted was made a part of a paragraph pertaining to other things. Among other things, they contend that the application of the new matter added was intended to be limited to the other things within the paragraph as amended; that it had no effect on other provisions of the section, and that the word "section" therein used was intended to refer to the paragraph rather than to the section of which the paragraph was a part. I cannot give the language that construction for many reasons. I think it necessary to discuss only one of them.

Section 7290, C. O. S. 1921, which included the 1919 amendment aforesaid, was amended by the provisions of section 6, ch. 61, Session Laws 1923. Thereby the provision which was added to the 1915 law by the 1919

amendment was set out in a paragraph separate and apart from the other paragraphs of the section. If there had been any legislative intention to limit the effects of the 1919 amendment to the paragraph rather than to the section, that intention evidently was abandoned, for, by the 1923 amendment, the portion added by the 1919 amendment was withdrawn from the paragraph in which it had been placed by the 1919 amendment and set out in a separate paragraph along with the other separate paragraphs of the section. The section as amended now appears as section 13356, O. S. 1931. For the reason stated, it is my opinion that section 13356, supra, is not susceptible of the construction which the respondents seek to have placed upon it. The injury occurred after the 1923 amendment.

The provisions of the paragraph in question have been before this court a number of times for consideration.

In Hartford Accident & Indemnity Co. v. State Industrial Commission et al., 87 Okla. 180, 209 P. 775, it was held that compensation might be awarded for serious and permanent disfigurement, although compensation had been awarded for temporary total disability, under certain circumstances. To the same effect are the decisions of this court in Rector v. Roxana Petroleum Corp. et al., 108 Okla. 122, 235 P. 183; Arrow Gasoline Co. et al. v. Holloway et al., 122 Okla. 257, 254 P. 98; Comar Oil Co. et al. v. Sibley et al., 128 Okla. 156, 261 P. 926; Ford Motor Co. v. Farmer et al., 146 Okla. 9, 293 P. 191, and Slater Bros. Turnbuckle & Derrick Co. et al. v. Felton et al., 147 Okla. 28, 294 P. 96.

In Seneca Coal Co. et al. v. Carter et al., 85 Okla. 220, 205 P. 495, this court held:

"Section 6, art. 2, c. 246, Session Laws 1915, as amended by section 9, c. 14, Session Laws 1919, construed, and held to authorize the State Industrial Commission to award an injured employee compensation for a permanent disfigurement of the face, although such injured employee had been awarded compensation for the loss of an eye.

"Where an injured employee has been awarded compensation for specific injuries, such as the loss of an eye, the State Industrial Commission, in awarding compensation for a permanent disfigurement of the face, must consider to what extent the loss of the eye has contributed to the disfigurement of the injured employee, in determining the proper amount to be awarded such injured employee.

"Where an injured employee has been compensated for a specific injury, such injured employee is not entitled to compensation again for such injury as constituting a part of a permanent disfigurement."

In Federal Mining & Smelting Co. et al. v. Warman et al., 145 Okla. 281, 292 P. 865, this court held:

"Until section 7290, C. O. S. 1921, was amended by chapter 61, sec. 6, 1923 Session Laws, no award could be made for loss of hearing or permanent disfigurement under the Industrial Law of this state. Since the adoption of the amendment an award can be made for these injuries and the Industrial Commission can take into consideration the disfigurement in making a finding of total disability. When, however, the Industrial Commission has found that a total disability exists, the maximum amount that can be allowed for total disability including disfigurement, is the amount provided for by the statute for permanent total disability."

In Seneca Coal & Coke Co. et al. v. Quisenberry et al., 154 Okla. 217, 7 P. (2d) 169, an award for a percentage of total permanent disability, an award for temporary total disability, and an award for serious and permanent disfigurement to the head, face, or hand were sustained for the reason that the total thereof did not reach the total of 500 weeks allowable for permanent total disability. Therein the award for disfigurement was in the amount of $1,500. It cannot be said from the record in that case that the Commission did not consider the award for the loss of the eye in determining the amount of the award for disfigurement, which consisted in part of an injury to the eye and in part of burns about the face.

In Dolese Bros. Co. v. Roberts et al., 155 Okla. 198, 8 P. (2d) 756, the award was for temporary total disability, permanent partial disability from the amputation of the right arm above the elbow and from an 18 per cent. permanent loss of vision in both eyes and permanent loss of hearing in the right ear. The award for loss of hearing was in the amount of $1,200. The total was less than 500 weeks. It cannot be said from the record in that case that the Commission did not consider the award made for the other injuries in determining the amount of the award for loss of hearing. There was no disfigurement shown by the record in the case.

In Missouri Valley Bridge Co. et al. v. State Industrial Commission et al., 86 Okla. 209, 207 P. 562, an award for total loss of hearing was sustained. It did not appear that any other injury was sustained, and no other award was made. To the same effect are the decisions of this court in Associated Employers' Reciprocal et al. v. State Indus-

trial Commission et al., 88 Okla. 80, 211 P. 491, and Jefferson Gasoline Co. et al. v. Walsh et al., 95 Okla. 1, 217 P. 380.

It will be seen from the foregoing that this court has sustained an award under the provisions of the paragraph in a number of classes of cases. It has sustained an award for loss of hearing where there was no other disability. It has sustained an award for serious and permanent disfigurement of the head, face, or hand where there was no other disability. It has sustained an award for serious and permanent disfigurement of the head, face, or hand and an award for temporary total disability arising out of the same accident. It has sustained an award for permanent total disability based, in part, on a serious and permanent disfigurement of the head, face, or hand. It has refused to sustain an award for serious and permanent disfigurement of the head, face, or hand and an award for permanent total disability growing out of the same accident where the total of the two awards exceeded the total allowable for permanent total disability. It has sustained an award for a percentage of total permanent disability, for temporary total disability, and for disfigurement of the head, face, or hand where the total of the three awards was less than the amount that could have been awarded for permanent total disability. It has sustained an award for serious and permanent disfigurement of the head, face, or hand and an award for the loss of an eye caused by the same accident, but in so doing it held that, in determining the amount of compensation to be awarded for disfigurement, the extent to which the loss of the eye contributed to the disfigurement must be considered.

I know of no decision of this court wherein this court has determined the question at issue in this case, which is whether or not there can be an award for serious and permanent disfigurement and an award for compensation under the "other cases" provision of the statute, where the question was presented to this court and briefed. The only decision of this court to which the attention of this court has been called or of which I have any knowledge, where such awards were sustained, is Chestnut & Smith et al. v. Lynch et al., 84 Okla. 199, 202 P. 1018. Those awards were therein sustained after a finding by this court that the "plaintiffs in error cite no authorities to support the contention that the judgment of the lower court is erroneous", and by a holding that:

"Calling the court's attention to one section of the statute, without any argument or authorities to show wherein the judgment is erroneous, is not sufficient to overcome the presumption that the judgment of the trial court is correct."

That decision was in no wise a construction of the law. In the case at bar the petitioners have squarely presented the question and have supported their contention by argument and by citation of authorities.

In Seneca Coal Co. v. Carter et al., supra, the record showed a serious and permanent disfigurement of the face and the loss of an eye. The award was for 100 weeks' compensation for the loss of the left eye and $1,000 for serious and permanent disfigurement of the face. It will be noted that the award was for serious and permanent disfigurement of the face and for a specific injury, to wit, the loss of an eye, and that no award was made under the "other cases" provision of the statute. For that reason the decision is not controlling as to the issue presented in this case. However, the language of this court in that decision has some bearing on the issue presented in this case.

That language can be explained by calling attention to a clearer state of facts. The disfigurement provision of the statute provides for an award for serious and permanent disfigurement of the hand. The same section of the statute provides for an award for permanent loss of the use of a hand. Certainly it was not intended thereby that an injury which resulted in a serious and permanent disfigurement of the hand and the permanent loss of the use of the same hand would entitle an employee to an award for the permanent loss of the use of the hand and an award for the serious and permanent disfigurement of the same hand. This court held to that effect in Seneca Coal Co. v. Carter et al., supra, when it said:

"The phrase, 'should not be in addition to other compensation provided for in this section,' makes plain the intention of the Legislature that the compensation allowed for permanent disfigurement has reference to other injuries not compensable as specific injuries provided for specifically, such as the loss of an eye, hand, or foot, etc. The phrase, 'but shall be taken into consideration in fixing the compensation otherwise provided,' vests the Commission with jurisdiction in allowing compensation for a permanent disfigurement to consider any compensation that may have been allowed for a specific injury. For instance, just as in the case at bar, where the injured employee has been compensated for the loss of an eye, in awarding compensation for a permanent disfigurement of the face to the extent that the loss of an eye has to do with the permanent disfigurement, the Commission, in making the award, must

eliminate from such disfigurement to the face the loss of the eye, or such loss as the impaired eye contributed to the disfigurement of the face. The loss of an eye, having been compensated under the first part of the statute, supra, prescribing a specific amount for the loss of an eye, is not again to be compensated as constituting a part of a permanent disfigurement.

"It is obvious that the compensation for permanent disfigurement must be independent of, and not in addition to, any compensation allowed for a specific injury. But in determining the amount of the award to be allowed for such disfigurement under the proviso of the act, the Commission is vested with jurisdiction to consider and qualify the amount that may be awarded under the statute for permanent disfigurement to the extent an awardable specific injury has contributed to the permanent disfigurement of the employee. It would be unreasonable to hold, under section 6, art. 2, c. 246, Session Laws 1915, as amended by section 9, c. 14, Session Laws 1919, supra, that the Commission is without jurisdiction to compensate an injured employee for a permanent disfigurement of the head, face, or hand, where the same exists independent of some compensable specific injury. To so hold would be to deny the Commission jurisdiction to compensate an injured employee for permanent disfigurement where he lost his right eye but suffered a permanent disfigurement to the left side of his face entirely independent and apart from the loss of his eye"

—and held:

"* * * It is quite clear that the natural office of the proviso providing that 'compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided,' was to qualify the preceding part of the section of the statute vesting the Industrial Commission with jurisdiction to compensate a permanent disfigurement in any sum not exceeding $3,000 by authorizing the Commission to consider any amount which the Commission may have awarded to the injured employee for a specific injury where such specific injury might appear as a part of the disfigurement sought to be compensated."

In the instant case no award was made for a specific injury, and it is not contended that there was a specific injury. The award in this case was for serious and permanent disfigurement and for an injury coming within the "other cases" provision of the statute. In this case the record shows that the claimant sustained a serious and permanent disfigurement which consisted of a scar extending down the right side of his neck to the shoulder and crosswise on the shoulder. That portion of the scar on the head and face is within the statutory definition of serious and permanent disfigurement. That portion of the scar which is not on the head or face is not within that statutory definition. The record in this case shows that the injury resulted in total paralysis of the right side of the claimant's face, making it impossible for him to wink or close his right eye and interfering with the use of his lips. That constitutes disfigurement within the provisions of the statute. That the claimant is entitled to an award for serious and permanent disfigurement of the head and face is not questioned. In my opinion it cannot be said, as a matter of law or from the record, that the award in the amount of $3,000 for that disfigurement is excessive when that award is considered alone. Had no other award been made, the award for disfigurement might be approved. However, the record shows that an award was made for an injury coming within the "other cases" provision of the statute. Such an award, when considered alone, in my opinion, was justified by the evidence which shows that the injury resulted in limited motion of the claimant's head and neck, interfering with his ability to do mechanical work and decreasing his wage-earning capacity. For such a disability he is entitled to an award under the "other cases" provision of the statute. I cannot say, as a matter of law or from the record, that the award made therefor is excessive when that award is considered alone.

The question presented by this record, however, is whether or not both of those awards may be sustained, each of them being for the maximum amount provided by the statute. Under the rule stated in the cases cited, supra, the State Industrial Commission was required to consider to what extent the cause of the disability under the "other cases" provision of the statute contributed to the serious and permanent disfigurement in determining the proper amount to be awarded the claimant. In my opinion, it must be found from the record that a part of the disability under the "other cases" provision of the statute contributed to the disfigurement, and this court should hold, as a matter of law, that, since the State Industrial Commission awarded the maximum authorized under the "other cases" provision of the statute and the maximum authorized for disfigurement, it

did not give consideration to that rule of law and that the total of the two awards made is excessive.

In view of the fact that this court heretofore has not directly determined the issue presented, I deem it advisable to discuss, in part, the theory of the Workmen's Compensation Act, and to review some of the authorities from other states.

The provisions of the Workmen's Compensation Act are for the benefit of workmen and the state, and they should be broadly and liberally construed so as to effectuate the purpose of the act. McAlester Colliery Co. v. State Industrial Commission et al., 85 Okla. 66, 204 P. 630, and many other decisions of this court. The purposes of the act are to make industry bear the loss and burden of industrial accidents and compensate employees for loss of earning power, where the loss is within the provisions of the act. Fox v. Dunning, 124 Okla. 228, 255 P. 582; New Amsterdam Casualty Co. v. Rinehardt & Donovan Co., 124 Okla. 227, 255 P. 587, and Smith & McDonnald v. State Industrial Commission, 133 Okla. 77, 271 P. 142.

While this court said in Winona Oil Co. et al. v. Smithson et al., 87 Okla. 226, 209 P. 398, and repeated the statement in Comeron Coal Co. et al. v. Dunn et al., 85 Okla. 219, 205 P. 503, that the test of the right to an award under the Workmen's Compensation Act is not limited to loss of earning power in the industrial world, it then had under consideration records showing injuries to specific members, and not injuries under the "other cases" provision of the statute. The provisions of that statute apply only to loss of earning capacity, and an award may be made under those provisions only where there has been a loss of earning capacity. Such is the plain and unambiguous provision thereof.

It is contended herein that the same rule applies to disfigurement. I know of no decision of this court so holding. However, that is the holding in Sweeting v. American Knife Co. et al., 226 N. Y. 199, 123 N. E. 82. That court held that compensation for disfigurement was based on earning capacity. It said:

"The statute would stand, therefore, though facial disfigurement were unrelated to loss of earnings. But in truth it is related, and so the Legislature must have found. * * * But one of the truths of life is that serious facial disfigurement has a tendency to impair the earning power of its victims. In some callings it would rule out altogether an applicant for employment. In most it would put him at a disadvantage when placed in competition with others. There may, of course, be individual instances of disfigurement without impairment of earning power. That is true also where there has been the loss of a finger or foot or an eye. Lawmakers framing legislation must deal with general tendencies. The average and not the exceptional case determines the fitness of the remedy."

In a concurring opinion by Mr. Justice Pound in the same case it was said:

"Serious facial or head disfigurement may leave one able to work and unable to get work. Employers might refuse to employ a disfigured man in his trade either from lack of confidence in his unimpaired ability or because it would be unpleasant for others to work beside him or unprofitable to have him meet the customers. A woman whose hair had been torn off or whose face was badly scarred might be so repulsive to the eye that no one would employ her and yet be as competent as ever to do her work. In a lesser degree, the seriously disfigured face or head of a man might lead to discrimination against him. The House of Lords in Ball v. Hunt & Sons (1912 A. C. 496), upholding an award for such injuries, said:

"'The injury for which the statute gives compensation is not mutilation or disfigurement or loss of physical power, but loss or diminution of the capacity to earn wages'."

In Freeland v. Endicott Forging & Mfg. Co. et al., 253 N. Y. S. 597, there was involved the construction of two provisions of the New York Compensation Law, to wit, the disfigurement provision and the "other cases" provision. Therein that court held that an award for disfigurement must be based on earning capacity and that an award under the "other cases" provision of the statute must be based on earning capacity. That court held that an award could not be made for disfigurement and under the "other cases" provision of the statute based on a single accidental personal injury. Therein that court said:

"Nor may such an award be made in connection with an award under the 'other cases' paragraph. An award for facial disfigurement is based upon earning capacity. * * * An 'other cases' award covers all loss of earning capacity which has been sustained. * * * It would not be reasonable that some award should be made in addition to one which provides full compensation for such loss of earning capacity. The 'other cases' paragraph on the one hand and the preceding paragraph on the other are mutually exclusive."

In my opinion, compensation for disfigurement is based on loss of earning capacity.

Since compensation under the "other cases" provision of the statute is based on loss of earning capacity, it is apparent that to sustain the award as made will be to sustain a double award for loss of the same earning capacity. In my opinion, an award may not be made in the maximum amount for disfigurement and under the "other cases" provision of the statute in the maximum amount, those provisions of the statute being mutually exclusive.

The cause should be remanded to the State Industrial Commission, with directions to vacate either the award as made for disfigurement or the award as made under the "other cases" provision of the statute.