### FARMERS' GIN CO. et al. v. CARPENTER et al.

No. 28090.  March 1, 1938.

S. S. Wachter, for petitioners.

J. Scott Vincent and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The order which the petitioners, Farmers' Gin Company and Maryland Casualty Company, seek to reverse was made on the 26th day July, 1937. It was made for the sum of $450 as compensation for a 10 per cent. permanent partial disability to the right arm of the respondent, which occurred by reason of an accidental injury sustained on October 22, 1928. The parties will be referred to as petitioners and respondent. On the 22nd day of October, 1928, the respondent was injured when his arm became entangled in the belt of the gin of one of the petitioners, said accidental injury having been formerly established as an injury to his right hand, for which he received 140 weeks' compensation. No appeal was taken from that

proceeding, which was denominated A-60071, and so far as the records show, respondent has received the total amount to which he was entitled under that award.

The first proposition of the petitioner is simply, that until the disability of the arm has reached more than the 140 weeks allowed for the hand, he is entitled to no further compensation for the disability· to the arm. Petitioners cite Federal Mining & Smelting Co. v. Warman, 145 Okla. 281, 292 P. 865, and Indian Territory Illuminating Oil Co. v. Hendrixson, 158 Okla. 176, 13 P.2d 137, which they allege sustain their position. A review of these authorities will disclose that they are not in point. Petitioners admit that they have been unable to find a case where the identical question was involved. The respondent, calling attention to the inability likewise to discover a case in point, suggests that the principle has been considered in the following authorities: Union Compress & Warehouse Co. v. Evans, 153 Okla. 100, 5 P.2d 155; Sampley v. Aldridge, 164 Okla. 66, 22 P.2d 1036; Constitutional Indemnity Co. v. Beckham, 144 Okla. 81, 289 P. 776.

In Constitutional Indemnity Co. v. Beckham, supra, we considered the payment for 70 weeks for the loss of the great toe and the remaining four toes on the same foot. This result was obtained by adding 30 weeks for the great toe to 40 weeks for the remaining toes. The basis of the contention of the petitioners was that 40 per cent. of 150 weeks, or the amount allowed for the loss of a foot, was 60 weeks, and that the award for 70 weeks was error. This court held:

"Our attention is called to no case that determines the effect· of these apparently conflicting provisions. In our opinion the provision in the statute fixing the amount of the award for the loss of a great toe at 30 weeks and of another toe at 10 weeks must be construed in connection with the provision fixing the award for the loss of a foot at 150 weeks, and with that other portion of section 7290, supra, which provides that amputation between the knee and ankle shall be considered as the equivalent of the loss of a foot. For the loss of that portion of the foot consisting of a great toe or another toe the amount that should be awarded is fixed by the statute. For the loss of a portion of a foot the percentage of loss governs. The per cent. of loss must not be less than the amount fixed by the statute for the loss of the toes, and may be as much larger as the facts justify. Under the facts as disclosed by this record, the defendant lost the great toe and four other toes, and he is entitled to the statutory award therefor, which is a total of 70 weeks. That being the amount of the award, the award will not be disturbed."

In Olson Drilling Co. v. Williams, 181 Okla. 81, 72 P.2d 487, this court followed Magnolia Petroleum Co. v. Johns, 160 Okla. 221, 16 P.2d 858, and in the syllabus announced:

"In case of permanent partial disability of three specific members, the total permanent loss of any two of which would constitute permanent total disability, an award computed by the State Industrial Commission by taking the sum of the percentage of disability of the two members, the loss of the use of which, figured separately, would entitle the claimant to the least amount of compensation, and dividing same by two, to arrive at the percentage of total disability on account thereof, and adding thereto the compensation allowed by law for the percentage of loss of the remaining member, will be sustained under the rule of liberal construction in favor of the injured employee. Magnolia Petroleum Co. v. Johns, 160 Okla. 221, 16 P.2d 858."

In the latter case the court was urged to adopt a rule that would limit to a percentage basis injuries added together where the total was less than 500 weeks. This court, following Dolese Brothers Co. v. Roberts, 155 Okla. 198, 8 P.2d 756, affirmed the award. We think the principle involved here similar. Just as the percentage of the disability in those cases would not limit the right to obtain an award for the additional injury to the member unless the total exceeded 500 weeks, so here the percentage of the disability of the hand should not limit the right to recover for the disability to the arm unless the total compensation exceeds the amount to be paid for the total disability to the arm. It is not contended that the total allowed in compensation exceeds the compensation for the total loss of the arm.

The second contention is that there is no competent evidence to sustain the award. Dr. Stagner testified for the respondent and gave it as his opinion that the respondent was suffering a 10 per cent. disability as the result of the dislocation of the elbow, and stated that arthritis was found, and that there was a limitation of motion of the arm. It was also his opinion that the disability to the arm was the result of the injury of October 22, 1928. This court has many times held that the question is one of fact to be determined by the State Industrial Commission. It has likewise held that where the nature of the injury is

one which must be proved by medical science, the testimony of a medical expert witness is competent to establish the cause of the injury and the extent of the disability. Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P.2d 1212. There is competent evidence to sustain the finding of the State Industrial Commission.

The award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, and CORN, JJ., concur.